## BRISCOE v. HAMER *et al.*

No. 4529.    Opinion Filed July 27, 1915.

(150 Pac. 1101.)

**BANKS AND BANKING—Insolvency—Assets—Set-Off.** At and prior to the failure of a state bank B. owed it a promissory note of $200, and at the same time it owed B. $250 for services rendered it. In a suit by the Bank Commissioner, who took charge of the bank under the law, B. was entitled to set off what the bank owed him against his note; said sums being mutual debts existing at the time the commissioner took over the insolvent institution.

(Syllabus by Brewer, C.)

*Error from Superior Court, Muskogee County;*
*Farrar L. McCain, Judge.*

Action by the State *ex rel.* J. D. Lankford, State Bank Commissioner, against W. M. Briscoe, J. B. Hamer, and the Alamo State Bank. Judgment for plaintiff, and defendant Briscoe brings error. Reversed and remanded.

*William B. Moore,* for plaintiff in error.

Opinion by BREWER, C. The Alamo State Bank at and prior to the time of its failure held the promissory note of W. M. Briscoe in the sum of $200, and at said time was indebted to said Briscoe for services rendered it in the sum of $250. Before a settlement of said mutual indebtedness was made, the bank became insolvent, and was taken over by the State Bank Commissioner, who later caused this suit to be brought on the note. Briscoe admitted the execution of the note, but alleged that he was entitled to offset the same with the amount the bank was indebted to him, to the extinguishment of the note in the hands of the Bank Commissioner, and to a judgment over against the insolvent bank for the amount of the excess of his claim over the amount of the note. The

court refused to permit him to offset his claim against the note, but allowed him judgment against the defunct institution, and rendered judgment on the note in favor of the commissioner. The failure to allow this set-off is the ground of this appeal. No brief is filed by the banking board, and we are not advised as to just what its contentions may be in the premises.

Section 303, Rev. Laws 1910, among other things, provides:

"And the state shall have, for the benefit of the depositors' guaranty fund, a first lien upon the assets of said bank or trust company. * * *"

Section 304, *Id.*, provides that the Bank Commissioner shall take possession of the books, records, and assets of a failed bank, and shall "collect debts, dues and claims belonging to it," etc. In this situation of the law it seems to us that the position of the Bank Commissioner in taking charge and collecting the assets of a failed bank is quite analogous to that of a receiver or trustee in bankruptcy, or of an assignee for the benefit of creditors. As we understand the law, a receiver, an assignee, or a trustee in bankruptcy takes the estate of an insolvent as he finds it, and succeeds to the rights of the insolvent, and only to such rights as the insolvent had at the time of the adjudication of his insolvency, and under such a situation mutual debts or credits between the estate of the insolvent and a creditor may be set off one against the other, and the balance only be allowed or paid, as the case may be. The right of set-off in such cases is, however, usually limited to such mutual debts or credits as exist at the time of the insolvency. This right to set-off, though, is provided for in section 68 of the Bankruptcy Law of July 1, 1898, c. 541, 30 Stat. 565 (U.

S. Comp. St. 1913, sec. 9652), and it might be said, there-fore, that this fact would destroy the analogy we have referred to. But we find, however, that in the case of *Studley v. Boylston Nat. Bank,* 30 Am. Bankr. Rep. 165, 229 U. S. 528, 33 Sup. Ct. 808, 57 L. Ed. 1316, Mr. Jus-tice Lamar, after quoting the clause in the Bankruptcy Act providing for the set-off of mutual debts, adds:

"That section did not create the right of set-off, but recognized its existence and provided a method by which it could be enforced even after bankruptcy."

In the body of the opinion, it is said:

"* * * The right of retention and set-off of mu-tual debts are frequently spoken of as though they were synonymous, while in strictness a set-off is a counter-claim which the defendant may interpose by way of cross-action against the plaintiff. But, broadly speaking, it represents the right which one party has against an-other to use his claim in full or partial satisfaction of what he owes to the other. That right is constantly exercised by business men in making book entries where-by one mutual debt is applied against another. If the parties have not voluntarily made the entries, and suit is brought by one against the other, the defendant, to avoid a circuity of action, may interpose his mutual claim by way of defense, and, if it exceeds that of the plaintiff, may recover for the difference. Such counterclaims can be asserted as a defense or by the voluntary act of the parties, because it is grounded on the absurdity of mak-ing A. pay B. when B. owes A."

In the case of *Lawson v. Warren,* 34 Okla. 94, 124 Pac. 46, Ann. Cas. 1914C, 139, this court has gone quite extensively into the question of the rights of receivers, assignees, and trustees in bankruptcy in the estates which may come into their hands under the law; and that case

quotes with approval from *Nix v. Ellis*, 118 Ga. 345, 45 S. E. 404, 98 Am. St. Rep. 111, as follows:

"Assignees, trustees in bankruptcy, and receivers are not purchasers for value, and take the estate of the insolvent subject to all set-offs, liens, and incumbrances, and in the plight existing at the date to which his title is ultimately referred"—citing numerous authorities.

In the case of *Lawson v. Warren, supra,* many of the authorities are collected, and we shall not again set them out.

This leads us to the conclusion that the court erred in refusing to allow Briscoe his set-off. As against the commissioner, his right of set-off having been fully established, and being in excess of his note, he was entitled to have his note extinguished, and a judgment over against the insolvent bank for the excess of his claim, which excess would stand on the same footing as the claims of other general and unsecured creditors of the bank, which, after the depositors were fully paid, would be entitled to payment out of the remaining funds or assets of the bank, if there were any.

The judgment of the trial court should be reversed, and the cause remanded, and judgment entered in conformity with the views herein expressed.

By the Court: It is so ordered.