**BAILEY et al. v. STATE.**
**STATE v. BAILEY et al.**

Nos. 8659, 8722—Opinion Filed Feb. 11, 1919.

Rehearing Denied April 1, 1919.

(179 Pac. 615.)

(Syllabus.)

1. **Mortgages—Sale — Inverse Order of Alienation.**

Where a mortgagor successively sells portions of mortgaged premises by general warranty deed, upon foreclosure of the mortgage the portions will be ordered sold in the inverse order of the several conveyances.

2. **Mortgages—Purchase of Equity of Redemption—Liability of Purchaser.**

The mere purchase of equity of redemption in mortgaged land does not make such purchaser liable personally for the payment of the mortgage debt.

### 3. Same—Purchaser of Mortgaged Land — Liability for Debt.

No personal obligation rests upon the purchaser of mortgaged land to pay the mortgage debt, unless by agreement he assumes its payment, or by retaining the amount out of the purchase price, or otherwise, he makes the debt his own.

### 4. Banks and Banking—Bank Commissioner—Notes—Bona Fide Purchaser.

Where the bank commissioner takes possession of an insolvent state bank, he is not a purchaser of the assets for value without notice, but takes the notes subject to all claims and defenses that might have been interposed against the bank, had it continued under its corporate management.

Error from District Court, Caddo County; Will Linn, Judge.

Action by the State of Oklahoma against B. S. Bailey, and others, with cross-petitions by defendant M. F. Menefee, and by defendant Bailey. Judgment for defendant Menefee, and the State and defendants Bailey and others bring error. Affirmed in part, and remanded, with directions.

C. H. Carswell, for plaintiff in error Bailey.

A. J. Morris, for defendant in error Menefee.

S. P. Freeling, Atty. Gen., J. I Howard, Asst. Atty. Gen., and Dyke Ballinger, for the State.

OWEN, J. This action was brought by the state on a promissory note executed by defendant Bailey, payable to the Anadarko State Bank, and to foreclose a mortgage on 40 acres of land executed to secure the payment of the note. Bailey purchased the 40 acres of land described in the mortgage from O. M. Hite, and executed the note payable to the bank for the purchase price. Prior to this Hite executed a mortgage to the Pittsburg Investment Company covering this 40 acres and another tract of 80 acres. The deed from Hite to Bailey was a general warranty, without reference to this prior mortgage. Hite afterward conveyed the 80-acre tract, and at the time of the trial it appears this tract was held by defendant R. C. Menefee. The Anadarko State Bank became insolvent, and its assets, including the note and mortgage executed by Bailey, were taken over by the banking department of the state. Defendant M. F. Menefee became the assignee of the investment company mortgage, and by cross-petition prayed a foreclosure of this mortgage against the 40-acre tract con-

veyed to Bailey. Defendant Bailey admitted the execution of the note and mortgage to the bank, and the execution of the investment company mortgage by Hite, his grantor, but denied that he assumed payment of any portion of the investment company mortgage. By cross-petition he asked that the 80-acre tract be first subjected to satisfaction of that mortgage. As a defense against the state he alleged certain payments on his note, and in addition to these payments asked to be given credit for the full amount due under the investment company mortgage. These credits amounted to more than the amount due on the note held by the state, and he asked for judgment against the state for the excess.

The trial court found that Bailey had made payments on his note amounting to $2,325. The judgment rendered gave him credit for these payments, and also gave him credit for the full amount due M. F. Menefee under the investment company mortgage. This was $200 in excess of the amount due on his note, and judgment was rendered in his favor against the state for that sum. Bailey's prayer to first subject the 80-acre tract to payment of the investment company mortgage was denied, and judgment rendered in favor of M. F. Menefee, foreclosing his mortgage against the 40-acre tract. From this judgment both the state and Bailey appeal.

When Hite conveyed the 40-acre tract to Bailey by warranty deed, the 80-acre tract became primarily liable for the debt secured by the investment company mortgage. This burden followed the 80-acre tract when subsequently conveyed by Hite, and on foreclosure of this mortgage the tracts should be sold in the inverse order of alienation. 3 Pom. Eq. Jur. § 1224; Thompson v. Bird, 57 N. J. Eq. 175, 40 Atl. 857; 3 Jones on Mtgs. (7th Ed.) § 1620; Boone v. Clark, 129 Ill. 466, 21 N. E. 850, 5 L. R. A. 287.

As between Bailey and the mortgagee the conveyance amounted to no more than the purchase of the equity of redemption in the 40 acres. But the mere purchase of this equity of redemption did not make Bailey liable personally for the payment of the mortgage debt. It is not contended that Bailey agreed to assume any portion of this mortgage. No personal obligation rests upon the purchaser of mortgaged land to pay the mortgage debt, unless by agreement he assumes its payment, or by retaining the amount out of the purchase price, or otherwise, he clearly makes the debt his own. Van

Eman v. Mosing, 36 Okla. 555, 129 Pac. 2, L. R. A. 1917C, 590; Streeter v. Ponca City St. Bank, 49 Okla. 609, 153 Pac. 632.

The court erred in denying the prayer of Bailey to have the 80-acre tract first subjected to the investment company mortgage. In the event that tract does not sell for sufficient amount to discharge that indebtedness, then the 40-acre tract should be subjected to the payment of the deficiency. In that event, as between Bailey and the state, Bailey will be entitled to have credit for any sum he may be required to pay under the investment company mortgage to protect his title.

The bank commissioner took the note subject to all defenses which might have been interposed against the bank, had it continued under its corporate management and brought the action (Ward v. Okla. St. Bank of Atoka, 51 Okla. 193, 151 Pac. 852; Briscoe v. Hamer, 50 Okla. 281, 150 Pac. 1101); therefore Bailey is entitled to credit for all payments made to the bank which should have been applied to this note. There was a conflict in the evidence as to these payments, but it appears the judgment of the trial court in this respect is reasonably supported by the evidence, and under the settled rule of this court applicable to such cases the judgment in this respect will not be disturbed. The credit allowed Bailey of the three payments, amounting to $2,325, will be affirmed; but, in other respects the judgment will be reversed, and the cause remanded, with directions to enter judgment for defendant M. F. Menefee, foreclosing the investment company mortgage, but first subjecting the 80-acre tract to the payment of same; and in the event a sufficient amount is not obtained from that sale to discharge this debt, then the 40-acre tract be sold for that purpose, and a sufficient amount of such proceeds applied to that end, and in that event Bailey to be given credit, in addition to the credit of $2,325, for such deficiency on the note sued on in this action, and the state to have judgment against Bailey for the balance found to be due, if anything, on said note. In the event the investment company mortgage is discharged by the foreclosure on the 80-acre tract, then the state to have judgment against Bailey for the amount due on its note, after allowing the credits of $2,325, and to have a decree foreclosing its mortgage.

All the Justices concur, except HARRISON, J., being disqualified and not participating.