### STATE ex rel. FREELING et al. v. QUIGLEY.

No. 12510—Opinion Filed Nov. 17, 1923.

1. **Banks and Banking — "Winding Up" Affairs of Failed State Bank.**

The term "wind up," when construed in connection with the context of the section in which it is found and in connection with the broad term of Revised Laws 1910, section 304, undoubtedly involves the entire process of settling the accounts and liquidating the assets of an insolvent bank for the purpose of distribution among the creditors.

2. **Same — Right of Action Against Failed Bank to Recover on Time Deposit.**

A petition against a failed bank which shows that the banking institution is in the hands and under the supervision of the Bank Commissioner, in process of liquidation, fails to state a cause of action for recovery on a time deposit against the banking institution.

3. **Same — Lack of Jurisdiction.**

The petition of plaintiff which sets up the foregoing statement of facts discloses want of jurisdiction in the district court to render judgment against the banking institution in process of liquidation for recovery of the

time deposit placed with the banking institution by the plaintiff.

**4. Same—Reversal.**

Petition examined and held not to support judgment for plaintiff.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Grant County; J. W. Bird, Judge.

Action by W. F. Quigley against the Farmers' State Bank et al. for recovery of debt based on a time deposit made with the bank by the plaintiff. Judgment for plaintiff. Defendant brings error. Reversed, with directions.

George F. Short, Atty. Gen., Wm. H. Zwick, Asst. Atty. Gen. (W. M. Bowles, P. C. Simons, and J. B. Drennan, of counsel), for plaintiff in error.

Sam P. Ridings and E. H. Breeden, for defendant in error.

Opinion by STEPHENSON, C. Heretofore W. F. Quigley commenced his action in the district court of Grant county, against the Farmers' State Bank, and others, who were stockholders in the bank, in which recovery was sought against the bank for a time deposit placed with the bank by the plaintiff and which the plaintiff alleges the bank refused to pay to him. Several of the stockholders of the bank were joined in the action, against whom judgment was sought on their statutory liability. The petition further set forth that the banking department had taken charge of the bank and its assets for the purpose of liquidation, and had possession of the property and assets of the bank in the course of liquidation. Thereafter the bank and other defendants by its attorneys, filed demurrer to the petition. The demurrer of the Farmers' State Bank was overruled and time given for it to determine whether it would elect to plead or stand on the ruling of the court on the demurrer. Other demurrers were sustained. In a further hearing of the cause judgment was rendered in favor of the plaintiff and against the bank for the amount of the time deposit in the sum of $8,504.80. Thereafter the state of Oklahoma, on the relation of the Attorney General, filed its motion in the cause to set aside and vacate the judgment for the reason that the court was without jurisdiction to hear and try the cause, on the ground that the bank was in the course of liquidation under the Bank Commissioner, at the time of the filing of the suit and rendition of judgment. It is not questioned that the bank was in the course of liquidation under the supervision of the Bank Commissioner and that the bank had the custody of the property and assets of the bank for the purpose of liquidation. The petition showed on its face that the subject-matter attempted to be submitted to the district court for adjudication between and among the parties, was under the jurisdiction of the Bank Commissioner by virtue of statutory provisions. The mere allegation that plaintiff had made a time deposit with the state bank which it refused to pay to the plaintiff, when it appeared by further allegations of the petition that the bank was in course of liquidation under the supervision of the Bank Commissioner, did not state a cause of action in favor of the plaintiff and against the defendant. Therefore it was error to enter judgment in favor of the plaintiff and against the Farmers' State Bank of Jefferson. The judgment of the court was void for the want of jurisdiction to try the cause between the parties, and it was error for the court to overrule the motion of the state to set aside and vacate the judgment. State ex rel. Short, Atty. Gen., v. Norman, District Judge, 86 Okla. 36, 206 Pac. 522.

Therefore it is recommended that this cause be reversed and remanded with directions that the court vacate and set aside the judgment heretofore rendered in this cause and dismiss the action of plaintiff.

By the Court: It is so ordered.