## BUSHNELL v. F. W. WOOLWORTH CO.

No. 15346—Opinion Filed June 30, 1925.

Rehearing Denied Oct. 27, 1925.

**Banks and Banking—Insolvent State Banks —Exclusive Jurisdiction of Bank Commissioner.**

The State Bank Commissioner has the exclusive jurisdiction to wind up the affairs of an insolvent state bank; and the district or superior court is without jurisdiction to render judgment against an insolvent state bank in the hands of the Bank Commissioner in the process of liquidation.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from Superior Court, Okmulgee County; J. H. Swan, Judge.

Action by F. W. Woolworth Company against Nathan Bushnell. Judgment for plaintiff, and defendant brings error. Affirmed.

Louis W. Pratt, J. M. Springer, and Harris & Wheeler for plaintiff in error.

Spence, Haven, Smithdeal & Spence, for defendant in error.

Opinion by JARMAN, C. This was an action by the F. W. Woolworth Company, a corporation, against Nathan Bushnell to quiet title to certain real estate and to enjoin the defendant from selling said real estate under an execution.

The material allegations of the petition of the plaintiff are: That the Bank of Commerce of Okmulgee, Okla., a state bank, was the owner of the real estate in question; that said bank became insolvent, and on November 2, 1921, the State Bank Commissioner took charge of said bank for the purpose of winding up its affairs; that about three months thereafter, and while the affairs of said bank were being administered upon by the Bank Commissioner, one Joseph L. Hodsdon instituted an action against the Bank of Commerce and the Bank Commissioner to recover certain statutory penalties and damages by reason of the failure of the bank to release of record a certain mortgage held by it on certain real estate of Hodsdon which mortgage had been paid, the trial resulting in a judgment by default in favor of Hodsdon against the bank and the Bank Commissioner in the sum of $600, statutory penalties, and $1,000 damages, which judgment was assigned to the defendant, Bushnell; that thereafter, on motion, said judgment was vacated and set aside as to the Bank Commissioner, but the same became final as to the bank; that the Bank Commissioner, by virtue of the authority vested in him and pursuant to an order of the district court of Okmulgee county, sold the real estate in question to the plaintiff, it being the highest bidder therefor, which sale was approved by the district court and the Bank Commissioner executed and delivered to the plaintiff a deed to said property; that thereafter, and on December 12, 1923, the defendant,

Bushnell, as assignee of the Hodsdon judgment, caused execution to be issued thereon against the bank and the same was levied upon said property. The plaintiff prayed for judgment quieting title in it to said property and for an injunction enjoining the defendant from interfering with the plaintiff in its possession and occupancy of the premises and from any further attempt being made to sell said property under execution. To this petition, the defendant filed a demurrer, which was overruled, and the defendant appealed.

It is the contention of the defendant that Hodsdon was a creditor of the bank prior to and at the time the Bank Commissioner took charge of said bank, by reason of the fact that Hodsdon had an action against the bank for tort committed by it in its failure to release a mortgage on certain real estate of Hodsdon and that Hodsdon was such creditor notwi.hs'.anding the fact that his claim had not been reduced to judgment (Union Coal Co. v. Wooley, 54 Okla. 391, 154 Pac. 62; Shelby v. Ziegler, 22 Okla. 799, 98 Pac. 989), and that the Bank Commissioner took over the assets of the bank subject to said claim. The defendant further contends that, as the assignee of the judgment against the bank, he had a right to enforce judgment by suing out and levying an execution on the property in question, as provided by the Code of Civil Procedure. This case is ruled and governed by the case of State ex rel. Freeling, Atty. General, v. Quigley, 93 Okla. 296, 220 Pac. 918, wherein it is held that the Bank Commissioner has the exclusive jurisdiction to wind up the affairs of an insolvent state bank, and that the district court is without jurisdiction to render judgment against a state bank in the hands of the Bank Commissioner in the process of liquidation. Therefore, the judgment against the bank, in the instant case, was void, and the trial court properly overruled the demurrer to the petition of the plaintiff.

The judment of the trial court is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 7 C. J. p. 482, § 12 (1926 Anno).