**TINCH et al. v. STATE ex rel. MOTHER-SEAD et al.**

No. 16759—Opinion Filed June 1, 1926.

Rehearing Denied Dec. 14, 1926.

### Banks and Banking—Insolvency of Bank—Substitution of State Bank Commissioner as Party in Pending Suit.

Where a state bank is declared insolvent and taken charge of by the State Bank Commissioner during the pendency of an action in which the said bank is a party, it is proper for the court to make an order substituting said Bank Commissioner as the legal representative of such bank for all purposes, under section 4165, C. S. 1921, in the further progress of said action, and the substitution may be made at any time the necessity arises, and without notice.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court Garvin County; A. C. Barrett, Judge.

Action by Farmers Exchange Bank of Lindsay, Okla., against F. A. Tinch, Inez I. Tinch, Rebecca Watkins, and Watkins & Company, a copartnership composed of F. A. Tinch and Rebecca Watkins, to recover on promissory notes and foreclosure of real estate mortgage. After judgment in favor of plaintiff, the bank became insolvent, and State Bank Commissioner was substituted for the bank, and thereafter the property was sold and the sale confirmed by the court over objections of defendants, from which order they have appealed. Affirmed.

Bowling & Farmer, for plaintiffs in error.

Cicero I. Murray and Blanton, Osborn & Curtis, for defendants in error.

Opinion by THREADGILL, C. The record discloses that on January 17, 1924, the defendant in error, the Farmers Exchange Bank of Lindsay, Okla., as plaintiff, obtained a judgment on six promissory notes with interest and attorney's fees, aggregating $6,490.53, with 10 per cent. interest until paid, and foreclosure of real estate mortgage on certain lots in the town of Lindsay given to secure the said notes. The judgment provided for sale after six months without appraisement. Thereafter, the said bank was taken over as insolvent by O. B. Mothersead, State Bank Commissioner, and on February 23, 1925, the court made an order substituting "the state of Oklahoma ex rel. O. B. Mothersead, Bank Commissioner," as plaintiff in said cause instead of said bank, and sale of the property was had by the sheriff on April 6, 1925. On April 4th, before the sale was had, plaintiffs in error, as defendants, filed a motion to recall the order of sale on the ground that the cause was not revived in the name of the Bank Commissioner instead of substituting the said Commissioner, and, further, on the ground that the order of substitution was without notice to defendants. On the date of the sale the court overruled said motion, and defendants excepted. On April 8, 1925, plaintiff filed a motion to confirm the sale, and on the same day defendants filed objections to confirmation of sale on the ground that the bank, being insolvent and being taken over by the Bank Commissioner, was defunct and the cause was not revived in the name of the Bank Commissioner, and the order of substitution was without authority of law and sale made under said substitution was void, the notice of sale was not issued, published and returned according to law. On May 18, 1925, the court overruled the objections and confirmed the sale, and defendants excepted and bring the case here for review, and urge for reversal one proposition, and that is, in substance, that the cause was not revived as by law provided, and the substitution of said Bank Commissioner for the plaintiff bank was unauthorized and void. To use the language of defendants in their brief:

"The plaintiff bank having failed and passed into other hands after the judgment was obtained in its favor, the judgment became dormant and had to be revived as provided by statute before order of sale could issue, and not having been properly revived within one year, could not be revived without the consent of the defendants. Therefore, the judgment became void and the objections to confirmation and the motion to vacate should be sustained."

Defendants then cite sections 838, 836.

837, 842, and 843. Compiled Statutes 1921, providing the procedure for revivor of actions in the case of the death of a party to the action, and authorities are cited construing the provisions of this statute, but we are not furnished with any authority that the plaintiff bank, in the instant case, was a dead corporation because it was considered insolvent and taken in charge by the State Bank Commissioner, and we do not find any authority to this effect. Defendants assume the point, but without authority. In the case of the First State Bank of Oklahoma City v. Lee, 65 Okla. 280, 166 Pac. 1186, this court has considered the question involved here, and held contrary to defendants' contention. In the syllabus, the court states the following fundamental rules:

"(2) A state banking corporation can be created only by pursuing the statutory requirements and obtaining a charter from the Secretary of State.

"(3) A state banking corporation can only be dissolved by judicial determination brought about either voluntarily or by the state in the manner prescribed by statute.

"(4) Neither the state bank commissioner nor the state banking board has authority to create, destroy, or transmute the corporate entity of a banking corporation.

"(5) The right to be a corporation and the franchise to do a banking business are separate and distinct. The franchise to do a state banking business is controlled by the Bank Commissioner, subject to statutory regulations, and, for reasons defined by statute, may be withdrawn, but such withdrawal does not work a forfeiture of the right to be a corporation."

It is held in the body of the opinion that the State Bank Commissioner may be authorized to take over the assets of a state bank, conduct its affairs, enforce its liabilities, "but such action is not tantamount to the dissolution of the corporation. Liquidation is not dissolution." See, also, Levy et al. v. Reed, 69 Okla. 180, 170 Pac. 497. We think it is clear from these authorities that neither the insolvency of a state bank nor taking it over by the State Bank Commissioner destroys the corporate existence of the corporation. It is still a legal entity subject to sue and be sued through its legal representatives. Before its insolvency, it acts through its corporate officials, and after it is declared insolvent, it acts through the State Bank Commissioner. It therefore follows that where a state bank becomes insolvent while an action is pending in which it is a party, it is proper to substitute the Bank Commissioner as its legal representative for all purposes in the further progress of the action, under section 4165, Compiled Statutes, 1921, and the statute providing for revivor of actions is not applicable in the matter of making the substitution.

It would probably be better practice to give notice where application for substitution is made, but we do not think notice is jurisdictional since all parties are alive and in court.

The judgment of the trial court is affirmed.

By the Court: It is so ordered.

Note—See 7 C. J. p. 755 §562 (Anno).