## LITTLE et al. v. BANK COMMISSIONER OF OKLAHOMA.

No. 19006. Opinion Filed March 11, 1930.

W. H. Kornegay, for plaintiff in error.

Erman S. Price and Norman Barker, for defendant in error.

LESTER, V. C. J. The plaintiffs in this case filed a petition in the district court of Washington county for preference payment of a claim in a cause pending in that county, entitled, In the Matter of the Liquidation of the Bartlesville State Bank.

A demurrer was sustained to the petition of the plaintiffs and an appeal was taken from the judgment on the demurrer.

The demurrer alleged three grounds of attack, to wit: First, that the court was without jurisdiction in the premises. Second, the cause of action, if any, was against the state of Oklahoma. Third, that the complaint did not state facts sufficient to constitute a cause of action against the defendant. We shall discuss the separate grounds of the demurrer in the order set forth therein.

The first proposition is that the district court of Washington county did not have jurisdiction to consider the claim. It appears that the administration pertaining to the liquidation of the bank's affairs had been lodged in the district court by the Bank Commissioner.

Section 5, chapter 80, of the Session Laws of the Special Session of 1923-4, provides:

"The monies collected by the commissioner shall be from time to time deposited in one or more banks of deposit, savings bank or trust companies and as security therefor, shall take such security as is required for the deposit of other public funds. At any time after the expiration of the date fixed for presentation of claims, the Commissioner may, out of the funds remaining in his hands for the payment of expenses, declare one or more dividends, and after the expiration of one year from the first publication notice to creditors, may dec'are a final dividend; such dividend to be paid to such persons and in such amount and upon such notice as may be directed by the district court or a judge thereof. Objections to any claim not rejected by the commissioner may be made by any party interested by filing a copy of such rejection with the commissioner, who shall present the same to the district court or a judge thereof at the time of the next application to declare a dividend. The court

thereupon shall make such order as is necessary in allowing or disallowing such claim or any part thereof."

It will be seen that the last paragraph of said section provides that the court shall make an order as is necessary in allowing or disallowing such claim in whole or in part.

The case of In re Planters & Mechanics Bank, 127 Okla. 209, 260 Pac. 472, involved a claim for preference that had been presented to the Bank Commissioner and by him denied. The district court of Tulsa county sustained the action of the Bank Commissioner. An appeal was taken to this court and this court reversed the action of the trial court with instructions to render judgment against the Bank Commissioner.

The second proposition embraced in the demurrer is that the suit is against the state and cites certain cases in support thereof; however, these cases arose prior to the passage of chapter 80 of the Session Laws of 1923-4.

The third paragraph of the demurrer alleges that the petition did not state facts sufficient to constitute a cause of action.

The petition of the plaintiffs states in part:

"That in May, 1922, the said Bartlesville State Bank failed and was put into the hands of the Bank Commissioner of Oklahoma for liquidation. That at said time it developed that after receiving said deposit of said bonds the Bartlesville State Bank, for the purpose of increasing its funds subject to draft with its correspondent in Kansas City, Mo., did pledge the bonds left with it for safe-keeping to Continental Bank of Kansas City, Mo., and borrowed the amount of them on them as collateral security, and used the money for the purpose of increasing its assets and funds with its correspondent bank in Kansas City, Mo., and did deposit said amount to its credit in said bank. That such appropriation was done without the knowledge or consent of the petitioners and at no time did they consent to the use of said bonds for said purpose, and in fact they were wrongfully used to increase the assets of the Bartlesville State Bank by their amount, and did so increase the same and by reason of such misappropriation the assets actually received by the Bank Commissioner from the Kansas City correspondent of said bank, after it failed and was taken over by the said commissioner, were increased in the amount of $26,000 and interest in excess of what rightfully belonged to the said bank as against the claimants, and more than said amount was received by the Bank Commis-

sioner from said correspondent on account of said Bartlesville State Bank." 

The defendant in his brief, at pages 46 and 47 says:

"As heretofore stated, we do not think it necessary for this court to pass on the question of preference, but, if this court concludes that it is a necessary question to be determined herein, in view of the fact that there is to be no allegation in the application of plaintiff in error to the effect that the proceeds of the bonds were received by the commissioner, this court should reverse the cause, as did the Kansas court in Nelson y. Paxton (113 Kan. 394) supra, with instructions to proceed further for the sole purpose of ascertaining whether or not the proceeds of the bonds came to the hands of the commissioner.

"Counsel for defendants in error, in all good faith, state that they are not advised as to whether or not the commissioner received the proceeds of these bonds upon the insolvency of the Bartlesville State Bank. and for that reason we respectfully recommend to the court that this case, if reversed, should be reversed in the same manner that the Kansas Supreme Court reversed the case of Nelson v. Paxton, supra, for the purpose of ascertaining whether or not the proceeds of the bonds came to the hands of the commissioner. If this court must reverse this case, in view of the fact that, as heretofore stated, it should be guided, largely, by the Kansas decisions, which it has heretofore followed in other preference cases, we recommend that this court lay down the same rule governing preferences of this kind that is laid down in the syllabus of Nelson v. Paxton, supra."

It will be noted that the plaintiffs substantially state in their petition that the proceeds from these bonds were received by the Bank Commissioner and became assets of the failed bank and taken over by the Bank Commissioner. The defendant in the third paragraph of his demurrer asserts that the plaintiffs' petition fails to state a cause of action against the defendant. A careful analysis of the plaintiffs' petition will reveal that it is not subject to the construction placed thereon in defendant's argument and brief, and is not subject to a general demurrer.

Other questions are raised by the defendant that are not germane to the issue herein raised by the demurrer.

The cause is reversed, with instructions to overrule the demurrer of the defendant, and to take such other and proper proceedings not inconsistent with the views herein expressed.

MASON, C. J., and HUNT, CLARK, RI-

LEY, HEFNER, CULLISON, SWINDALL, and ANDREWS, JJ., concur.