This appeal is by the Bank Commissioner of Oklahoma from an order of the district court of Garfield county establishing a claim and directing payment to be made thereon by the Bank Commissioner of dividends in the liquidation of the Farmers State Bank of Garber, Okla.
That bank was operating as such in the town of Garber, Okla., on December 14, 1931, and on that date filed its action in the district court of Garfield county, being cause No. 13223 in said court, against A.M. Ehly and others, seeking judgment *Page 337 
upon a certain promissory note executed by Ehly and owned and held by that bank. February 13, 1933, the defendant Ehly filed his second amended answer and cross-petition therein, and by his cross-petition sought judgment against said bank in the sum of $20.686.33 with interest. On April 24, 1933, the bank filed its pleading designated "Reply to second amended answer of Defendant A.M. Ehly."
On March 1, 1933, the Farmers State Bank of Garber, being insolvent, was so adjudged by the Bank Commissioner of the State of Oklahoma, and that official thereupon took possession of its affairs and assets for the purpose of liquidation. On May 8, 1933, upon motion of the Bank Commissioner, filed that day, the district court entered its order substituting the Bank Commissioner as plaintiff in said cause No. 13223. The Bank Commissioner filed no further pleadings therein. March 1, 1934, the cause was tried to a jury and verdict rendered against the Bank Commissioner on the bank's petition, and there was returned further verdict in favor of the defendant A.M. Ehly on his cross-petition for the sum of $20,686.33. Judgment was thereupon entered. The decretal part of said judgment reads as follows:
"It is, therefore, considered, ordered, adjudged and decreed by the court that the plaintiffs take nothing by their action filed against said defendants, A.M. Ehly, Lester L. Coleman and C.L. Owen, on the petition filed herein and that said defendants have their costs herein expended, and
"It is further considered, ordered, adjudged and decreed by the court that the defendant. A.M. Ehly, do have and recover of and from the plaintiff, Farmers State Bank of Garber, Oklahoma, and that there be allowed as against the State of Oklahoma ex rel. W.J. Barnett, Bank Commissioner, for payment as provided by law in the liquidation of the Farmers State Bank of Garber, Oklahoma, the sum of $20,686.33, with interest thereon from March 1, 1934, at the rate of 6% per annum."
Motion for new trial timely filed by plaintiff Bank Commissioner was overruled April 9, 1934. No appeal was prosecuted from said judgment.
Thereafter, and on March 8, 1936, A.M. Ehly, in cause No. 14196, entitled "In the Matter of the Liquidation of the Farmers State Bank of Garber, Oklahoma, Insolvent," in said district court, filed his application for an order directing the Bank Commissioner to list and pay his claim, in the form of said judgment, in the sum of $20,686.33 with interest, in the administration of the affairs of said bank, and to pay to Ehly his proportionate part of the funds collected by said bank for distribution to the common creditors. On March 24, 1936, the Bank Commissioner by his attorneys filed his response to said application, urging, among other things, in substance, that the judgment relied upon by Ehly is void for the reason that at the time of its rendition the liquidation of the affairs of said bank were exclusively within the jurisdiction and control of the State Bank Commissioner, and that the district court was without jurisdiction to render a judgment affecting the assets thereof.
March 19, 1937, the Bank Commissioner filed an amended response again urging that the district court was without jurisdiction to render a judgment against an insolvent state bank when the same was in the hands of the Bank Commissioner for liquidation.
On the same day, March 19, 1937, a stipulation between the parties, reciting substantially all the facts as above detailed, was filed. Said stipulation recited "that dividends from the liquidation of the assets of said bank have been paid as follows:
"October 4, 1934 _____________________ 25% "December 15, 1934 ___________________ 10% "March 10, 1936 _______________________ 15% "September 8, 1936 ___________________ 5%"
The case was submitted to the district court upon said stipulation on March 19, 1937, and the court, on May 20, 1937, entered its order establishing the said claim of A.M. Ehly in the sum of $20,686.33, with interest thereon from March 1, 1934, as a valid claim in the matter of the liquidation of the Farmers State Bank, on a parity with the claims of general creditors and depositors, and the Bank Commissioner was thereby directed to pay to the said Ehly dividends declared on and after March 1, 1934. To this order the Bank Commissioner excepted. On the same day, May 20, 1937, the Bank Commissioner filed his motion for new trial, which was overruled on the same day, and the Bank Commissioner excepted. The matter is now before this court on appeal from said order of May 20, 1937, establishing claim and directing payment of dividends, and from order overruling motion for new trial.
The Bank Commissioner assigns seven errors by his petition in error, which are grouped and presented under the following *Page 338 
three propositions, hereinafter separately considered, as follows:
 "First Proposition.
"The judgment rendered in cause No. 13223 in the district court of Garfield county against the Bank Commissioner of the State of Oklahoma is void for want of jurisdiction of the district court to render a judgment against an insolvent bank in the hands of the Bank Commissioner for the purpose of liquidation, which would in any way affect the assets of such insolvent bank.
 "Second Proposition.
"If the judgment so rendered in cause No. 13223 in the district court of Garfield county is not void, and is sufficient upon which to predicate a valid claim against the assets of the Farmers State Bank, of Garber, Oklahoma, Insolvent, no dividends can be paid upon such claim until all the depositors are paid in full, it being the contention of the Bank Commissioner that the depositors are entitled to a preference over creditors who became such after insolvency.
 "Third Proposition.
"If the claim of A.M. Ehly is found to be upon a parity with the claims of depositors whose rights were established as of the date of insolvency, he is not entitled to receive or participate in dividends declared and paid prior to the establishment of his claim, and in that connection the Bank Commissioner contended that his claim was not established until March 19, 1937, at which time the district court of Garfield county entered the order in the liquidation case complained of here as distinguished from the date upon which the purported judgment was rendered in cause No. 13223."
The instant case presents no element of the former state guaranty fund law, nor is any claim of lien rights or trust funds presented.
Appellant Bank Commissioner, in support of his first proposition, that the judgment of March 1, 1934, is void, relies in part upon the failure of Ehly to present his claim in accordance with section 9175, O. S. 1931, 6 Okla. St. Ann. sec. 153, which provides as follows:
"Immediately on taking charge of any failed bank the commissioner shall cause notice to be given by advertisement in such newspaper as he may direct weekly for eight consecutive weeks, calling on all persons who may have claims against such bank to present the same to him and make legal proof thereof at a place and at a time to he fixed by the commissioner. The commissioner shall mail a similar notice to all persons whose names appear as creditors. If the commissioner doubts the justice and the validity of any claim, he may reject the same, serve notice of such rejection upon the claimant, either by mail or personally, and affidavit of the service of such notice, which shall be prima facie evidence thereof, shall be filed with the commissioner. Claims presented after the expiration of the notice fixed for creditors shall be entitled to share in the distribution only to the extent of the assets in the hands of the commissioner equitably applicable thereto."
Appellant does not urge, nor has our revealed, any authority to the effect that the filing of such claim, as above provided, is a jurisdictional matter in a situation as here presented.
If the filing of a claim is not jurisdictional, such as to render that judgment void, then the judgment would be valid and conclusive, unless void for some other reason. To be ineffective here, said judgment would have to be void from an inspection of the judgment roll, no appeal having been taken, and if void, would be subject to collateral attack in the subsequent proceedings had in cause No. 14196 in March, 1936. (State ex rel. Southern Surety Co. v. Armstrong, 158 Okla. 290,13 P.2d 198).
Judgment is rendered against the state bank.
In Bushnell v. F. W. Woolworth Co., 112 Okla. 297,241 P. 738, where the question of validity of a judgment rendered against the state bank when the same was in the hands of the Bank Commissioner for liquidation was involved, this court declared:
"This case is ruled and governed by the case of State ex rel. Freeling, Atty. Gen., v. Quigley, 93 Okla. 296, 220 P. 918, wherein it is held that the Bank Commissioner has the exclusive jurisdiction to wind up the affairs of an insolvent state bank, and that the district court is without jurisdiction to render judgment against a state bank in the hands of the Bank Commissioner in the process of liquidation."
That portion of the instant judgment against the state bank itself must be declared void.
It will be noted from the language of said judgment that it does not purport to fix liability in preference to that of any other creditors, including depositors, that language being "that there be allowed as against the State of Oklahoma ex rel. W.J. Barnett, Bank Commissioner, for payment as provided by law in the liquidation of the Farmer's State Bank. * * *" *Page 339 
Neither the statutes nor any prior decisions of this court to which our attention has been called, or of which we are aware, point out any particular language in which an order of the district court allowing a claim submitted to the Bank Commissioner should be couched.
The instant order allows payment only as provided by law in the liquidation of the Farmers State Bank, from its assets.
If the judgment or order here involved were declared valid, it would not require the payment thereof out of state funds by the State Treasurer, but only out of assets of the failed bank.
The cross-action of Ehly was not instituted against the state of Oklahoma, but against the bank, and after the substitution of the Bank Commissioner as plaintiff, Ehly continued, in effect, to seek recovery from the bank or its funds.
The Bank Commissioner is authorized by statute to so substitute himself as a party in actions pending by or against a failed state bank at the time of his taking over the same. Section 9172, O. S. 1931, 6 Okla. Stat. Ann. sec. 148; Tinch v. State. 120 Okla. 163, 250 P. 1011. However, the fact that the Bank Commissioner so substituted himself as a party in any such could not be said, in view of the statutes that the assets of the failed bank shall be held for the use and benefit of the depositors and creditors of the bank, to thereby change such suit to one as by or against the sovereign state.
The funds or assets so in the hands of the Bank Commissioner are no part of the general revenues of the state and are in no sense whatever owned by the state in its sovereign capacity to be disbursed only on due appropriation by the Legislature, but, as expressed in the statute, such assets are in the control of the Bank Commissioner for the use and benefit of the depositors and creditors.
The view that assets of a failed state bank in the hands of the Bank Commissioner do not belong to the state in its sovereign capacity, but are merely held by the state through its constituted agent, the Bank Commissioner, in the capacity of trustee for the sole benefit of the depositors and creditors of the state banks, is supported by the case of Wenner v. Mothersead, etc., 129 Okla. 273, 264 P. 816 (1927).
This was a suit by the Bank Commissioner against the county treasurer of Logan county seeking injunctive relief against the assessment for taxation of certain assets of a failed state bank in the hands of the commissioner and held by him for the purpose of reimbursing the depositors' guaranty fund. The question there involved was stated to be whether in fact and in law the title to said real property thus held by the Bank Commissioner was really vested in the state as a sovereignty, to do with and dispose of as it saw fit, or whether it was merely vested in the State Bank Commissioner as a governmental agency of the state and held in trust by him for the benefit of the depositors' guaranty fund.
Section 9179, O. S. 1931. (Laws 1923-1924, ch. 80, p. 96, sec. 7), 6 Okla. Stat. Ann. sec. 157, was in force at the time of rendition of the above decision, and which act provided that:
"The State of Oklahoma, on the relation of the Bank Commissioner, shall be deemed to be the owner of all of the assets of failed banks in his hands for the use and benefit of the depositors and creditors of said bank. * * *"
This court in that case declared:
"It [the property] is in no sense whatever owned by the state in its sovereign capacity, as public property of the state; it is in reality the private property of the banks, which by paying into such fund the assessments made against them made up the fund itself, but such fund is held under the law by the state through its constituted agents in the capacity and character of trustees for the benefit of depositors."129 Okla. 275, 264 P. 818.
Appellant urges that no set-off could be legally allowed to Ehly. This court has passed upon the allowance of a set-off in a suit by the Bank Commissioner, in Briscoe v. Hamer,50 Okla. 281, 150 P. 1101, wherein Briscoe owed a state bank $200 on a note. The bank owed Briscoe $250 for services. The Bank Commissioner brought suit on the note and Briscoe claimed the set-off, which the trial court disallowed. This court in reversing the lower court said in part:
"As we understand the law, a receiver, an assignee, or a trustee in bankruptcy takes the estate of an insolvent as he finds it, and succeeds to the rights of and only to such rights as the insolvent had at the time of the adjudication of his insolvency, and under such a situation mutual debts or credits between the estate of the insolvent and a creditor may be set off one against the other, and the balance only be allowed *Page 340 
or paid, as the case may be. * * * As against the commissioner, his right of set-off having been fully established, and being in excess of his note, he was entitled to have his note extinguished, and a judgment over against the insolvent bank for the excess of his claim. * * *"
We have examined the cases of Yeargain v. Shull, Bank Com'r,149 Okla. 221, 300 P. 303, and Shull, Bank Com'r, v. Yeargain,149 Okla. 224, 300 P. 307, cited by appellant commissioner in support of his contention that the judgment of March 1, 1934, is void, and in each of which cases this court said in the fifth syllabus:
"A district court has no jurisdiction to render a judgment at law against the State Bank Commissioner in his official capacity that will in any wise affect the assets of a failed state bank in the hands of the State Bank Commissioner during the process of the liquidation of that bank."
These two cases arose upon the purchase by Yeargain from the Bank Commissioner at advertised public auction of certain notes, the previous property of the insolvent state bank. Upon attempt by Yeargain to collect the notes it was discovered that an agent or collector of the Bank Commissioner had, previous to such sale, collected the notes, but that the notes had not been surrendered. Judgment was there sought against the Bank Commissioner for the amount of the notes so previously collected, and the proceeds of which were being held by the commissioner for contemplated distribution among the depositors. The notice of the sale contained a provision that the "Bank Commissioner, his agents, or assistants, do not warrant or guarantee the correctness of the amount due or payments shown on the above listed assets. * * * is conveying only such title thereto as he has as such Bank Commissioner * * * and the purchaser at such sale will buy * * * with notice and at his own risk. * * *"
While this court declared the judgments therein rendered to be void, it also points out possible equitable relief to the plaintiff purchaser.
We have also examined other cases, involving the Bank Commissioner's liability, and containing similar expressions relating to the district court's jurisdiction, and which cases included: State v. Quigley, 93 Okla. 296, 220 P. 918; Bushnell v. F. W. Woolworth Co., 112 Okla. 297, 241 P. 738; Miracle v. Dixon, 121 Okla. 180, 249 P. 153.
We refer to these several cases for the reason that contained in them is the expression, or there is indicated, that the district courts have no jurisdiction to render a judgment that would in any manner affect the assets of a state bank in the hands of the Bank Commissioner for liquidation.
It is noticed that each of these cases was decided, directly or indirectly, upon authority of the case of State ex rel. v. Norman, 86 Okla. 36, 206 P. 522. That case was an original proceeding in this court for a writ of prohibition to restrain the district judge from appointing a receiver to take charge of the affairs of an insolvent state bank then in the hands of the State Bank Commissioner for liquidation, and the administration of which sought receiver, it was charged, would have been in direct conflict and an interference With the administration by the Bank Commissioner. While phases of the then existing state bank guaranty law were there involved, this court declared the one question there presented for consideration was as follows:
"Is the jurisdiction of the Bank Commissioner and the Banking Board in the liquidation of an insolvent bank under the Constitution and laws of this state original, sole, and exclusive, or can their jurisdiction be interfered with and superseded by a court of equity, in the appointment of receivers to liquidate insolvent banks?"
It is observed that none of these cases just above referred to presented a situation at all similar to that in the instant case. Here the state bank sued Ehly, and he filed his cross-petition against the bank. The pleadings were made up before the Bank Commissioner entered the case. Thereafter the Bank Commissioner filed no pleadings before judgment. The position of the Bank Commissioner in taking over an insolvent bank is analogous to that of a receiver. He took over its assets and liabilities in the plight the bank was then in. That official assumed the Ehly litigation as he found it. State ex rel. Strain v. Wells, 98 Okla. 169, 223 P. 694; Briscoe v. Hamer, 50 Okla. 281, 150 P. 1101; Lawson v. Warren,34 Okla. 94, 124 P. 46. The placing of the bank in the hands of the Bank Commissioner did not release liability for its contracts. First State Bank v. Lee, 65 Okla. 280. 166 P. 186. It cannot be said that the Bank Commissioner stands in any more favorable light as regards these transactions than the bank' would have stood in had it remained solvent, as he is merely a trustee or receiver for the *Page 341 
bank. Mothersead, Bank Com'r, v. Wiley, 114 Okla. 105,243 P. 718, 719.
On the insolvency of the bank it was the duty of claimants generally to present their claims to the Bank Commissioner. Such claims as would be disallowed by him would be passed upon by the district court. By statute (section 9177, O. S. 1931, 6 Okla. Stat. Ann. sec. 155) the district court is given authority to pass upon claims, and this court has held it is the duty of the district court so to do. Little v. State Bank Com'r, 142 Okla. 126, 285 P. 967.
In event Ehly had presented his claim to the commissioner it is reasonable to assume that it would have been resisted by the commissioner. Upon such resistance the claim would then have been passed upon by the district court. In the instant situation the commissioner did resist the Ehly claim, but did so in the action then pending, and the district court (after insolvency) did pass upon Ehly's claim, resulting in the judgment establishing the indebtedness. The district court passed upon Ehly's claim, merely in a case in that court other than the liquidation case.
We cannot say that the declaration or adjudication by the Bank Commissioner of the insolvency of the state bank nullified the action then pending in the same district court and in which action the commissioner actively participated.
In the instant case the district court, by its order of May 20, 1937, passed upon the claim of Ehly, which was in the form of judgment.
The cases above discussed, and following the Norman Case, supra, holding that a district court has no jurisdiction to render a judgment affecting the assets of a failed state bank in the hands of the Bank Commissioner for liquidation, are not applicable to the precise situation here presented. As previously stated herein, unless the district court was without jurisdiction to render the judgment of March 1, 1934, and the judgment thus void, then it may not be now thus collaterally attacked. The judgment of March 1, 1934, is declared valid as fixing an indebtedness owing to Ehly and allowing payment thereof from the assets of the failed bank, and appellant's first proposition is thus determined.
Appellant, in connection with his first proposition, quotes from the case of Abraham v. State ex rel. Mothersead,117 Okla. 77, 244 P. 741, in support of the contention that no sufficient claim was filed.
Examination of that case discloses it to have been an action by the Bank Commissioner on a note against Abraham, who pleaded a claim in tort as a set-off, the right to plead which this court denied. While the opinion therein as relates to claims does recite that "a complete system for the presentation of claims against failed banks is provided," the case is not available as authority on the proposition here urged.
Considering appellant's second proposition, that payment, if any, to Ehly should be deferred to full payment of depositors, Ehly does not claim that he was a depositor at the closing of the bank, but his claim is based on the judgment he had procured, which judgment, in turn, was based upon his claim of having executed certain notes for the benefit of the later insolvent bank, and his subsequently being required to pay the notes.
Appellant, in support of his second contention, quotes from the case of Briscoe v. Hamer, supra. Therein Briscoe was held entitled to a set-off for services, and this court there allowed "judgment over against the insolvent bank for the excess of his claim, which excess would stand on the same footing as the claims of other general and unsecured creditors of the bank, which, after the depositors had been fully paid, would be entitled to payment out of the remaining funds or assets of the bank, if there were any."
As opposed to the expression just quoted, we have the later declarations of this court (none of which refers to the Briscoe Case) as contained in Shull, Bank Com'r, v. Town of Avant,159 Okla. 271, 15 P.2d 49; Moon Motor Car Co. v. State ex rel. Shull, 149 Okla. 190, 1 P.2d 358, and others, to the effect that general depositors in insolvent state banks are merely general creditors and not entitled to priority.
We are impressed that the transactions of Ehly with the bank, as reflected by the record before us, amounted to a virtual loan by Ehly to the bank. The bank procured money on the credit of Ehly, and the judgment of March 1, 1934, determined that an obligation existed to Ehly by the bank. The loan of money, as here, would create the relation, as between Ehly and the bank, of creditor and debtor, respectively. Such is also the relation of depositors generally. Shull, Bank Com'r, v. Town of Avant, supra; Bank of Blackwell v. Dean, 9 Okla. 626, 60 P. 226. *Page 342 
We therefore determine appellant's second proposition that, subject to the modifications hereinafter expressed, Ehly should share ratably with the depositors.
Appellant's third proposition is to the effect that, in event Ehly's claim should be found to be on a parity with the claims of the depositors, he should participate in only such dividends declared and paid after the establishment of his claim.
By our determination of appellant's first contention we give effect to the judgment of March 1, 1934, in favor of Ehly, as fixing an indebtedness owing to him by the failed state bank and allowing payment thereof from the assets of that bank. That judgment having, in the instant situation, the character of a claim allowed, the date of its taking such effect is the date when the judgment was rendered. Giving effect to the judgment as of its date, it follows that Ehly should participate in all dividends allowed and paid on and after March 1, 1934, and, we so hold. The record discloses no dividends paid prior to March 1, 1934, the judgment date.
The order of the district court appealed from directs the payment of interest from March 1, 1934. It is not evident from the record whether the depositors will be paid in full, or whether interest has been or will be paid to all such depositors. We are establishing and placing the claim of Ehly, as to principal, on a parity or equality with other unsecured creditors, including depositors. Unless sufficient funds are available to pay interest to all unsecured creditors, including all depositors, no interest should be allowed or paid to Ehly.
The allowance of interest was recently before this court in the case of In re American Bank Trust Co. of Ardmore,176 Okla. 202, 55 P.2d 470, in which this court said in part:
"The assets of the bank at the time of its failure are a trust fund to be held for the benefit of all of its creditors. The deposit of the city could not earn interest for the bank while the bank was in the course of liquidation, and when it is shown that there are not sufficient assets to pay all claims with interest and costs, then the statutory interest rate should not be paid to one creditor to the detriment of the other creditors. (Citing cases.) Under the foregoing authorities, the city was not entitled to any interest from the date of insolvency."
This disposes of appellant's third contention.
The order of the district court of Garfield county of May 20, 1937, is modified in the respects and to the extent herein indicated, and as thus modified is affirmed.
OSBORN, C. J., and RILEY, WELCH, PHELPS, CORN, HURST, and DAVISON, JJ., concur. BAYLESS, V. C. J., absent.