In re LIQUIDATION of OKLAHOMA STATE BANK of CADDO, H. G. Huffman, Liquidating Agent.

HUFFMAN v. BANK COMMISSIONER of STATE of OKLAHOMA.

No. 14993—Opinion Filed June 2, 1925.

Banks and Banking—Winding Up Affairs of Failed State Banks—Exclusive Jurisdiction of Bank Commissioner.

The district courts of this state had no authority prior to the act of March 31, 1923, chap. 137, Sess. Laws 1923, to appoint liquidating agents to take charge of and wind up the affairs of insolvent state banks or to approve their reports. The Bank Commissioner, or some person under his control and direction, was vested with the exclusive jurisdiction to take possession of such banks and wind up their affairs and enforce the personal liability of the stockholders, officers, and directors.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Bryan County; Porter Newman, Judge.

In the matter of the liquidation of the Oklahoma State Bank of Caddo, Okla.; H. G. Huffman, liquidating agent. From a judgment, taking jurisdiction to approve his report as liquidating agent after disallowing certain items, Huffman appeals. Reversed and remanded, with directions.

Harris, Spielman Thomas & Harris, for plaintiff in error.

Opinion by THREADGILL, C. H. G. Huffman, as liquidating agent of the State Bank of Caddo, prosecutes this appeal from a judgment of the district court of Bryan county against him refusing to permit the dismissal of his report from consideration of the court and disallowing certain items of credit, claimed by him in his report, and his commission in the sum of $9,327.65, claimed by him under his contract with the said Bank Commissioner for services in liquidating said bank. The facts in the case were about as follows:

The Oklahoma State Bank of Caddo, in Bryan county, was adjudged insolvent by Roy L. Walcott, the State Bank Commissioner, on March 18, 1922, and taken possession of by that official on that date for the purpose of winding up its affairs under the state banking laws in force at that time. At the same time there were 16 insolvent state banks in his charge and in process of liquidation and about 531 other banks under his

inspection and only 11 assistants provided by law in attending to all the duties and business of his office. There was no provision of law for appointing liquidating agents. Not having sufficient assistants to cope with the stress of the situation, the Bank Commissioner, on July 18, 1922, appointed H. G. Huffman as liquidating agent for the State Bank of Caddo and agreed to pay him 15 per cent. of all collections made by him in winding up the business of said insolvent bank, and on July 21, 1922, the said Commissioner applied to the district court of Bryan county, by petition for authority to appoint the said Huffman as liquidating agent for said bank, and also asked for authority to appoint attorneys and other employes in winding up the affairs of said bank. The court made the order as prayed for. On August 15, 1922, the Bank Commissioner filed in said case an order written by him appointing H. G. Huffman, as liquidating agent for said bank, and McPherren and Cochran as attorneys in connection with the matter of liquidating said bank. The said H. G. Huffman took charge of the business of said bank July 18, 1922, before said proceedings in court commenced and proceeded to the work of winding up its affairs; and on February 12, 1922, he made a report showing that he had collected $61,584.33 up to December 31, 1922, besides all the other work done and items of expenses listed, also showing the disposition of funds collected, and claimed his commission of $9,231.65, and filed this report February 12, 1922, with the district court and asked for its approval, which was done by the court on the same day it was filed. About this time there was a change in Bank Commissioners, and on March 10, 1923, a motion was filed to set aside the court's order approving the report, and on March 12, 1923, the court set the order aside and directed notices to be given to the interested parties that a hearing would be had on the report April 30, 1923. On the morning of that date, before court convened the liquidating agent filed a dismissal of his report and the petition for its approval, paying the costs accrued in full. On the same day, before the cause was called by the court, the new Bank Commissioner, Hon. Joe H. Strain, presented by leave of court, a protest against allowance of the report. The liquidating agent objected to the proceedings and jurisdiction of the court, but the court assumed jurisdiction and, after hearing the evidence, made an order disapproving certain items of credit in the report, and disallowing the 15 per cent. commission, claimed on moneys collected, and or-

dered $300 per month as full compensation for the agent's services, and directed that he make a report covering the time from December 31, 1922, to the date of his resignation. H. G. Huffman excepted to the ruling of the court and brings the case here for review, asking for a reversal on numerous assignments of error.

The plaintiff in error has prepared and filed a well considered brief setting forth his contentions and authorities for the same, but we have not been favored by a brief on the part of the defendant in error.

The principal question involved is whether or not the court had authority to make any orders appointing the liquidating agent or to pass on his reports. We have considered all of the assignments of error presented, and, owing to the importance of the case, have examined the record fully and the acts of the Legislature, in force at that time, governing state banks and the authorities in general applicable to the construction of these acts, and we are of the opinion that the question decisive of the appeal is the jurisdiction of the district court in any of the matters presented by this record. Under ordinary circumstances the Bank Commissioner's office force was sufficient to look after the banks, under his authority, and to wind up the business of an occasional insolvent bank, but at the time the Oklahoma State Bank of Caddo failed this force was not sufficient, but the emergency would not authorize the authority of the district court to supply the assistants necessary to carry on the work as this was a matter for the Legislature and not for the judiciary. As a general rule to make the orders and judgments of a court authoritative and conclusive, in decided any matter brought before it, three things are necessary: (1) Jurisdiction of the parties; (2) jurisdiction of the subject-matter; and (3) judicial authority for making the particular order or rendering the particular judgment asked for or which is necessary to the conclusion of the case. The district court of Bryan county seems to have taken jurisdiction and exercised authority in appointing the liquidating agent, in the instant case, at the request of the Bank Commissioner, and said court assumed jurisdiction and exercised authority in approving the report of the agent and of setting aside its order of approval, and, thereafter, making a new order in the case, disallowing certain items in the report, on the theory that since the Bank Commissioner and the agent appointed had submitted themselves to its jurisdiction, that this was a

waiver of any objections to its jurisdiction, and it, therefore, had full authority to act. The general rule is that jurisdiction of the parties may be waived as well as the subject-matter, but judicial power to render the particular judgment in the case before the court cannot be waived by appearance, consent, or agreement, and if the court is without judicial authority to make the order or render the judgment the same is absolutely void. Roth v. Union National Bank, 58 Okla. 604, 160 Pac. 505; Lee v. Tonsor et al., 62 Okla. 14, 161 Pac. 804.

We do not think the district court of Bryan county had any judicial authority for making any of the orders in the case presented by this record. Under the law in force governing the oversight and liquidation of insolvent state banks, full and exclusive authority was vested in the Bank Commissioner and his assistants to inspect all state banks, and, in case of insolvency, to take charge of the insolvent bank and wind up its affairs, and the courts were given no jurisdiction or authority in any of these matters, except in case of compounding bad or doubtful debts or in selling the personal or real property of the insolvent bank.

Section 4165, Comp. St. 1921, provides:

"Whenever any bank or trust company organized or existing under the laws of this state shall have voluntarily placed itself in the hands of the Bank Commissioner, and whenever any judgment shall be rendered by a court of competent jurisdiction adjudging and decreeing that such bank or trust company is insolvent, or whenever its right under the laws of this state have been adjudged to be forfeited or whenever the Bank Commissioner shall become satisfied of the insolvency of any such bank or trust company, he may, after due examination of its affairs, take possession of said bank or trust company and its assets, and proceed to wind up its affairs and enforce the personal liability of its stockholders, officers, and directors."

Section 4167 provides:

"The Bank Commissioner shall take possession of the books, records and assets of every description of such bank or trust company, collect debts, dues and claims belonging to it and upon order of the district court or judge thereof may sell or compound all bad or doubtful debts and on like order may sell all of the real or personal property of such bank or trust company upon such terms as the court or judge thereof may direct and may, if necessary, pay the debts of such bank or trust company and enforce the liabilities of the stockholders' officers and directors. * * *"

In the case of State ex rel. Short, Atty. Gen., v. Norman, District Judge, 86 Okla. 36, 206 Pac. 522, this court, in an opinion by Justice Kane, has construed these sections and announced the controlling rule in the 7th paragraph of the syllabus as follows:

"This system of laws, and particularly the sections thereof specifically referred to in this opinion, confers upon the Bank Commissioner or some person under his control and direction, the sole and exclusive jurisdiction to take possession of an insolvent bank and proceed to wind up its affairs and enforce the personal liability of the stockholders, officers and directors."

See, also, the following cases: In re. Murray Hill Bank, 153 N. Y. 199, 47 N. E. 298; McDavid v. Bank of Bay Minette, 193 Ala. 341, 69 South. 452; Cartmell v. Commercial Bk. & Tr. Co., 153 Ky. 798, 156 S. W. 1048; State ex rel. Lofthus, State Bank Examiner, v. Langer, Atty. Gen. (N. D.) 177 N. W. 408; Koch v. Missouri-Lincoln Tr. Co. (Mo.) 181 S. W. 44; Craughwell et al., v. Mousam River Tr. Co., 113 Me. 351; Ex Parte John Chetwood 41 L. Ed. 782, U. S. R.

Now as to whether or not it was legal for the Bank Commissioner to appoint a liquidating agent and agree to pay him 15 per cent. of the collections in winding up the affairs of the insolvent bank, we express no opinion as we do not consider these questions involved or necessary to be passed on in this appeal.

We, therefore, recommend that the judgment of the trial court be reversed and the cause remanded with directions to dismiss the petition to appoint the liquidating agent, also the petition to approve the agent's report and vacate all orders made in said cause.

By the Court: It is so ordered.

Note— See under (1) 7 C. J. p. 733 (1926 Anno).