## CITY OF ADA v. SPENCER.

No. 16782—Opinion Filed June 15, 1926.

(Syllabus.)

1. **Banks and Banking—Insolvency of State Banks—Statutory Procedure — "Wind Up" Affairs.**

The term "wind up," when construed in connection with the context of the section in which it is found and in connection with the broad term of Revised Laws 1910, section 304, undoubtedly involves the entire process of settling the accounts and liquidating the assets of an insolvent bank for the purpose of distribution among the creditors. State ex rel. Freeling et al. v. Quigley, 93 Okla. 296, 220 Pac. 918.

2. **Same—Exclusive Authority of Bank Commissioner to Enforce Stockholder's Liability.**

When an insolvent bank is in the hands of the Bank Commissioner for the purpose of administering its assets, including an additional liability of a stockholder, a depositor of the failed bank cannot maintain an independent action against such stockholder for the purpose of recovering judgment on account of money previously deposited in the said bank.

Error from District Court, Pontotoc County; J. W. Bolen, Judge.

Action by the City of Ada against E. L. Spencer and others. From judgment for defendant named, plaintiff brings error. Affirmed.

U. G. Winn and Thomas P. Holt, for plaintiff in error.

McKeown & Green, for defendant in error.

LESTER, J. The parties to this appeal are the same as they appeared in the district court.

The plaintiff, city of Ada, was a depositor in the Guaranty State Bank of Ada, Okla., which bank became insolvent and closed its doors on the 31st day of January, 1921. Defendant, E. L. Spencer, was a stockholder and president of the said bank. At the time the bank became insolvent and was taken charge of by the Bank Commissioner the plaintiff had on deposit therein the sum of $11,853.96. The plaintiff, in order to protect its deposits in said bank, secured from it an indemnifying or depository bond, which bond was signed by the bank through its officers, as principal, and the Lion Bonding & Surety Company, as surety.

It appears that after the bank had become insolvent and after the principal and surety on said bond had become liable and after demand had been made on them for payment of the terms of said bond, and refused, the plaintiff then brought an action against the bank, the surety company, and several stockholders of the said bank to recover judgment for an amount equal to that on deposit by the plaintiff at the time the bank failed. At the trial of said cause judgment was rendered in favor of the plaintiff and against the bank, and also the surety company. The plaintiff dismissed its action against all of the stockholders in said bank, except as to the defendant E. L. Spencer. Judgment was rendered against the plaintiff in its action against the defendant E. L. Spencer, from which judgment, in favor of E. L. Spencer, the plaintiff appeals.

It appears that the bank upon its failure was taken over by the State Bank Commissioner. It further appears that E. L. Spencer owned stock to the amount of $20,000 in said bank, and that the bank had brought suit in the district court against E. L. Spencer for double liability and that said suit

was settled by the Bank Commissioner with the said E. L. Spencer for the sum of $5,000, which amount was paid by said Spencer to the Bank Commissioner, and that this settlement by the Bank Commissioner was approved by the district court.

Upon trial an agreed statement of facts was entered into by and between the parties to the action, of which the following is a part:

"That on the 31st day of January, 1921, said bank became insolvent and went into liquidation and was taken over by the State Bank Commissioner of said state for the purpose of winding up its affairs as an insolvent bank, as provided by law; and that the Bank Commissioner had charge of the affairs of said bank, for the purpose of winding up its affairs, on the 12th day of June, 1923. when this action was instituted by plaintiff, and that on the date of the trial of this cause said Bank Commissioner still had charge of the affairs of said bank for the purpose of winding up its affairs as an insolvent bank and that said liquidation has not been completed by said Bank Commissioner. * * * That on the 12th day of June, 1922, the State Banking Board of the state of Oklahoma, through its duly appointed, qualified and acting commissioner, Roy Walcott, entered into a written contract with one W. C. Greening, who was general liquidating agent for said banking board, wherein and whereby it was agreed by and between said banking board and said Greening that said Greening should act for said board in reducing to cash or security all notes, judgments, claims and evidences of debt, received by the state of Oklahoma, from or growing out of the failure of state banks. That said contract was fully approved by the full banking board on June 12, 1922; a certified copy of said contract being presented to the court and made a part of this agreed statement of facts. That said Greening entered upon his duties. under and by virtue of said authority, and thereafter settled with the defendant E. L. Spencer for his liability as a stockholder in the Guaranty State Bank for the sum of $5,000. That the application for said settlement was made to the district court of Pontotoc county. Okla., on the 15th day of November. 1922, by Roy Walcott, the then Bank Commissioner, through the said Greening, as liquidating agent (Pontotoc county District Court. Cause No. 5888) ; and that said settlement was duly approved by said district court on the 15th day of November, 1922. The proceedings had in said settlement, cause No. 5888, is presented to the court and made a part of this agreed statement of facts. That the said sum of $5,000 agreed to be paid to said banking board by said E. L. Spencer has been paid in full. That the amount of cash paid out by the guaranty fund, by said banking board, in the liquidation of the Guaranty State Bank, Ada, Okla., was $50,000; and the amount collected was about $5,000 leaving a balance due the guaranty fund of the state of Oklahoma, the sum of $45,000, and that the said $45,000 was due to the guaranty fund of the state of Oklahoma on the date that this action was filed to enforce the double liability of the defendants named herein, and that the same is still due said guaranty fund. That the Bank Commissioner of the state of Oklahoma did not bring this action; that he never authorized the plaintiff nor any other person or persons to bring same."

Section 4165, C. O. S. 1921. was in full force and effect at the time the bank became insolvent. Said section provides :

"Whenever any bank or trust company organized or existing under the laws of this state shall voluntarily place itself in the hands of the Bank Commissioner, or whenever any judgment shall be rendered by a court of competent jurisdiction, adjudging and decreeing that such bank or trust company is insolvent, or whenever its rights or franchises to conduct a banking business under the laws of this state shall have been adjudged to be forfeited. or whenever the Bank Commissioner shall become satisfied of the insolvency of any such bank or trust company. he may, after due examination of its affairs, take possession of said bank or trust company and its assets, and proceed to wind up its affairs and enforce the personal liability of the stockholders, officers and directors."

As shown by the agreed statement of facts, the Bank Commissioner had full charge of the insolvent bank at the time the instant action was filed by the plaintiff. It will be noted that by section 4165, supra. upon a state bank becoming insolvent, it became the duty of the Bank Commissioner to wind up the affairs of such bank and "enforce the liability of the stockholders, officers and directors."

The suit of the plaintiff against the defendant Spencer is for the purpose of recovering from said Spencer, as stockholder in said bank, a sum equivalent to the amount that the plaintiff had on deposit at the time the said bank became insolvent. and the success of the plaintiff's suit depends on whether or not the Bank Commissioner had exclusive jurisdiction over the assets of said bank. including all claims, choses in action, in favor of the said bank. It is admitted in the agreed statement of facts that at the time the plaintiff filed its action and on the date of the trial of said cause, said Bank Commissioner still had charge of the affairs of the said bank for the purpose of winding up its affairs as an insolvent bank, and that

said liquidation had not been completed by said Bank Commissioner.

In the instant case the Bank Commissioner had taken action against E. L. Spencer, as a stockholder of said failed bank, and had brought suit in the district court against said E. L. Spencer, and with the approval of said court had compromised the claim of said bank against Spencer for $5,000, which sum went to the benefit of all the depositors. To allow an individual depositor to sue and recover against a stockholder for a loss of a deposit would permit a preference of one depositor over another. And indeed it would present an unsatisfactory and unthinkable condition to permit a wild scramble among the depositors to proceed singly in lawsuits to recover from the creditors of an insolvent bank by reason of losses sustained by the depositors; therefore the Legislature has, by statute, named the Bank Commissioner as a proper official to take charge of all the assets of a bank, including all choses in action, whatever kind and nature, for the benefit of all of the depositors. And in the instant case the Bank Commissioner took charge of and collected from the defendant Spencer $5,000 on his liability as a stockholder in the failed bank, and this amount was converted into the general fund for the benefit of all of the depositors.

In the case of the State ex rel. Freeling et al. v. Quigley, 93 Okla. 296, 220 Pac. 918, the court in its syllabus announced the following doctrine:

"The term 'wind up.' when construed in connection with the context of the section in which it is found and in connection with the broad term of Revised Laws 1910, section 304, undoubtedly involves the entire process of settling the accounts and liquidating the assets of an insolvent bank for the purpose of distribution among the creditors.

"A petition against a failed bank which shows that the banking institution is in the hands and under the supervision of the Bank Commissioner, in process of liquidation, fails to state a cause of action for recovery on a time deposit against the banking institution.

"The petition of plaintiff which sets up the foregoing statement of facts discloses want of jurisdiction in the district court to render judgment against the banking institution in process of liquidation for recovery of the time deposit placed with the banking institution by the plaintiff."

Neither the petition of the plaintiff nor the agreed statement of facts showed a cause of action on the part of the plaintiff against the defendant E. L. Spencer. The judgment of the district court is affirmed.

NICHOLSON, C. J., and HARRISON, MASON, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 7 C. J. p. 736 §503. (2) 7 C. J. p. 735 §498.