**MIRACLE et al. v. DIXON et al.**

No. 16860—Opinion Filed Sept. 7, 1926.

(Syllabus.)

1. **Banks and Banking—Failed Banks— Exclusive Jurisdiction of State Banking Department Under Special Statutes.**

The provisions of our Constitution and statutes as applied to banking corporations, being special acts, they supersede the general laws as applied to the winding up of the affairs of other corporations, and the State Banking Board and State Bank Commissioner have sole and exclusive jurisdiction over the assets and affairs of insolvent banks, and the mere maladministration or the unauthorized exercise of arbitrary power upon the part of the State Bank Commissioner will not, ordinarily, authorize the judicial branch of the state government in setting aside and rendering inoperative the positive provisions of the Constitution and statutes relating to the winding up of the affairs of insolvent banks.

**2.  Same—Insufficient Allegation of Fraud on Part of Bank Commissioner to Justify Appointment of Receiver.**

An allegation in a petition that the "Bank Commissioner is either in collusion with the said defendant, W. E. Dixon, in his attempts to defraud the creditors of said institution out of said property, or is under the domination and control of the said defendant, W. E. Dixon," is not a sufficient allegation of fraud on the part of the Bank Commissioner to justify the district court in appointing a receiver for an insolvent bank in the face of plain statutory provisions vesting such State Bank Commissioner with sole and exclusive jurisdiction and authority over the affairs of insolvent banks, and a judgment and order of the district court sustaining a demurrer to such petition will not be disturbed on appeal.

Error from District Court, Seminole County; George C. Crump, Judge.

Action by John D. Miracle, W. F. Pittman, Lawrence Youngblood, Jesse McMullins, C. B. McGlasson, suing in their own right, and for and on behalf of a large number of other persons similarly situated, against W. E. Dixon and J. C. Foree. Judgment for defendants, and plaintiffs appeal. Affirmed.

Willmott, Roberts & Looney, for plaintiffs in error.

Cutlip & Horsley, for defendant in error J. C. Foree.

Everest, Vaught & Brewer, for defendant in error W. E. Dixon.

PHELPS, J.  The First Guaranty Bank of Wewoka, Okla., through its officers, conveyed certain real estate belonging to the bank, by warranty deed, to W. E. Dixon. Soon thereafter the bank became insolvent and was taken over by the State Bank Commissioner, and while such State Bank Commissioner was in charge of the assets and affairs of the bank, suit was brought by the plaintiffs in error, who were plaintiffs below, in the district court of Seminole county on behalf of themselves and other creditors of the bank, alleging in their petition that they were creditors of the insolvent bank; that the transfer of the real estate by the bank prior to the time it was taken over by the State Bank Commissioner was fraudulent and void; that the State Bank Commissioner had failed and refused to take any steps to recover title to the property: and appealed to the equitable jurisdiction of the court, praying that the deed of conveyance be canceled or declared a mortgage and the title be quieted, and that a trustee be appointed by the court to collect the

rents and sell the property under order of court and apply the proceeds to the payment of the indebtedness of the bank. The court sustained a demurrer to the petition, and plaintiffs elected to stand upon the allegations of the petition and appealed.

It is the contention of plaintiffs that, under their allegations of fraud in procuring the conveyance and the refusal of the State Bank Commissioner to take steps to recover title to the property, that equity will permit them to maintain the action in their own names and on behalf of themselves and other creditors of the bank; while it is the contention of defendants that, since the Constitution and statutes place the entire jurisdiction and control over the affairs of insolvent banks in the Bank Commissioner, such jurisdiction and control cannot be superseded by the courts, neither can the State Bank Commissioner be displaced or superseded by a trustee or receiver appointed by the court. A proper solution of this question will dispose of the appeal.

Section 1 of article 14 of the Constitution provides:

"General laws shall be enacted by the Legislature providing for the creation of a Banking Department, to be under the control of a Bank Commissioner, who shall be appointed by the Governor for a term of four years, by and with the consent of the Senate. with sufficient power and authority to regulate and control all state banks, loan, trust and guaranty companies, under laws which shall provide for the protection of depositors and individual stockholders."

Following the adoption of the Constitution the Legislature. at its several sessions, has vitalized the above section of the Constitution by enacting laws in conformity to the provisions of the Constitution. and section 4165, Comp. Stats. 1921, provides that:

"Whenever any bank or trust company organized or existing under the laws of this state shall voluntarily place itself in the hands of the Bank Commissioner, * * * or whenever the Bank Commissioner shall become satisfied of the insolvency of any such bank or trust company, he may, after due examination of its affairs, take possession of said bank or trust company and its assets, and proceed to wind up its affairs, and enforce the personal liability of the stockholders, officers, and directors."

And section 4167, Comp. Stats. 1921, with reference to insolvent banks, provides:

"The Bank Commissioner shall take possession of the books, records, and assets of every description of such bank or trust company, collect debts, dues, and claims belonging to it. * * *"

And these acts were later amended, and section 7 of chapter 80, Sess. Laws 1923-24, reads as follows:

"* * * The state of Oklahoma, on the relation of the Bank Commissioner, shall be deemed to be the owner of all of the assets of failed banks in his hands for the use and benefit of the depositors and creditors of said bank."

And section 1 of chapter 80, Sess. Laws 1923-24, provides that:

"* * * The Bank Commissioner shall have power and authority to institute and prosecute all suits necessary for the liquidation of the assets of the insolvent corporations taken over by him, and such suits shall be brought in the name of the state of Oklahoma, on the relation of the Bank Commissioner."

The above-quoted sections of the statute form the basis upon which defendants in error predicate their claim that the power, jurisdiction, and authority of the State Bank Commissioner and the State Banking Board over the affairs of failed banks is sole, exclusive, and supreme, and a careful examination of the authorities leads us to the conclusion that such claim is well founded.

In State ex rel. Attorney General v. Norman, 86 Okla. 36, 206 Pac. 522, the court had under consideration the question, among other things, as to whether, in view of the Constitutional and statutory provisions of our law giving the State Bank Commissioner and State Banking Board authority to handle the affairs of insolvent banks, the district court, in the exercise of its equity powers, may interfere with such Bank Commissioner or may appoint a trustee or receiver to perform the duties designated to be performed by the Bank Commissioner. In that case, as in the instant case, charges were made against the Bank Commissioner, and in referring to these charges this court said in the opinion in that case that:

"* * * We do not apprehend that they entertain the view that this would warrant the district court in discharging these constitutional and statutory state officers and replacing them with receivers appointed by the court, if, as the Attorney General contends, the jurisdiction of the Bank Commissioner and the Banking Board over the liquidation of insolvent banks is, by the Constitution and statute laws of the state, made sole and exclusive.

"While it is true * * * the exercise of unauthorized arbitrary power by public officers is pernicious and should be restrained by the courts, yet we are unable to find any authority for holding that the mere maladministration of a public office or the unauthorized exercise of arbitrary power by a public officer warrants the judicial branch of the government in repealing or rendering inoperative a positive enactment of constitutional or statutory law. * * *"

We will not say that it would not be possible to plead a state of facts which would justify the district court in reaching out the beneficent hand of equity and staying the onward march of corruption and fraud, but it is not sufficient to merely say, as in this case, that:

"The said bank Commissioner is either in collusion with the said defendant W. E. Dixon, in his attempt to defraud the creditors of said institution out of said property, or is under the domination and control of said defendant W. E. Dixon."

The case of State ex rel. Attorney General v. Norman, supra, and followed, at least to a limited extent, in State ex rel. v. Quigley, 93 Okla. 296, 220 Pac. 918, and Robinson v. First National Bank, 107 Okla. 160, 231 Pac. 502, and Kimbriel v. State ex rel., 106 Okla. 177, 233 Pac. 420, and City of Ada v Spencer, 121 Okla. 217, 248 Pac. 1005, definitely settles the law in this state that the Bank Commissioner and Banking Board have exclusive jurisdiction over the affairs of insolvent banks. Were this not true and every creditor of an insolvent bank permitted to bring suit in his own behalf or on behalf of other creditors of the bank, endless confusion would arise and the orderly and systematic liquidation of insolvent banks would be rendered impossible. An effort is made by counsel for plaintiffs in error to distinguish these authorities from the facts in the instant case, but, as we view it, we are bound by the doctrine there laid down.

We, therefore, conclude that the plaintiffs had no authority to maintain the action, and for that reason the petition did not state a cause of action, and the trial court committed no error in sustaining the demurrer to the petition, and its judgment in so doing is affirmed.

NICHOLSON, C. J., BRANSON, V. C. J., and MASON, LESTER, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 7 C. J. p. 482, §12 (2) 7 C. J. p. 482, §12 (Anno).