**STATE** ex rel. **MURRAY, Gov.,** et al. v. **PURE OIL CO.** et al.

No. 24799. Oct. 9, 1934.

Rehearing Denied Nov. 20, 1934.

Glenn O. Young, for the State and others.

Alvin Richards, for defendant in error Pure Oil Company.

Poe, Lundy & Morgan, for defendant in error Royalty Corporation of America.

E. A. Ellinghausen and George L. Burke, for defendants in error John C. Ellinghausen, E. A. Ellinghausen, Sapulpa State Bank, and H. L. Payne.

J. C. Pinkerton, for defendant in error First National Bank of Tulsa.

BUSBY, J. This action was commenced in the district court of Creek county on the 28th day of May, 1932, by the state of Oklahoma on relation of William H. Murray, Governor, as plaintiff, for the use and benefit of the Sapulpa State Bank, an insolvent banking institution, and the depositors and other creditors thereof, against the Pure Oil Company, a corporation, Royalties Corporation of America, a corporation, John G. Ellinghausen, E. A. Ellinghausen, First National Bank of Tulsa, Okla., Sapulpa State Bank, and H. L. Payne, as defendants.

The petition of the plaintiff is lengthy and sets forth many alleged facts upon which the asserted right to relief is based. A detailed analysis of the asserted facts is not essential to a determination of the questions presented in this appeal. It is sufficient to state the general nature of the action, which is a suit to recover from the defendants (except the Sapulpa State Bank) certain named and described securities and other assets or the value thereof, which securities are alleged to have been the property of the Sapulpa State Bank at the time it became insolvent in November, 1929. The securities and other assets are alleged to have been unlawfully and fraudulently procured from the Sapulpa State Bank by the defendant, after the insolvency of that institution, pursuant to an unlawful and fraudulent scheme and design entered into between the defendants. It appears from the petition that proceedings were had in the district court of Creek county, whereby some of the transactions involved were approved by orders of that court. It is alleged that the approval by the court of these transactions was fraudulently procured, and that the same are void by reason of defects appearing on the face of the records of the court proceedings approving them.

The securities and assets involved in this action are said to be worth approximately $154,000.

The right of William H. Murray, as Governor, to institute and maintain this action in the name of the state of Oklahoma was challenged in the trial court by demurrers filed in behalf of the defendants. The demurrers were sustained by the lower court, which held that this action could not be commenced and prosecuted by the Governor in the name of the state for the benefit of the Sapulpa State Bank, its depositors and other creditors.

The plaintiff elected to stand upon the petition, whereupon the action was dismissed, "without prejudice, however, to the right of the state of Oklahoma by its proper official to institute such new action as may be proper."

While the demurrers were pending in the lower court a pleading styled "intervening petition" was, pursuant to leave of court, filed by the state of Oklahoma ex rel. W.

J. Barnett, State Bank Commissioner, who was joined by certain named depositors and creditors of the Sapulpa State Bank. The "intervening petition" adopted the allegations and statements of plaintiff's petition and prayed for the same relief. The defendants attacked this "intervening petition" by motions on the theory that no action was pending and intervention could not be allowed in an action where the plaintiff had no legal right to sue, also that an intervention could not properly be allowed where intervener asserted the same right to recover as that claimed by the plaintiff. The motions were heard in connection with the demurrers to plaintiff's petition. These were sustained by the trial court and the intervening petition dismissed. This dismissal was, like the dismissal of plaintiffs' petition, without prejudice to the right of the state of Oklahoma by its proper officer to institute another action involving the same subject-matter.

The case comes to this court on appeal by the plaintiff State of Oklahoma ex rel. William H. Murray et al., and interveners, in the trial court, who appear in this court as plaintiffs in error. We shall continue in this opinion to refer to the parties as they appeared in the trial court.

The principal question involved is apparent from the history of the case as above stated. It is: Does the Governor of Oklahoma have the authority to commence and maintain in the name of the state an action to recover the assets or value of the assets of an insolvent state bank for the use and benefit of such failed bank, its depositors, and other creditors?

We have concluded that he has not. The State Bank Commissioner is the proper officer to institute such an action in the name of the state. The Governor is without authority to commence and maintain an action of this character unless possibly when a case arises where the Bank Commissioner upon request refuses to act. The intervening petition of the Bank Commissioner shows that he is not refusing to act.

Our decision on the principal question presents another question essential to a proper disposition of this appeal, namely: What order should the trial court have made after determining that the State Bank Commissioner and not the Governor of Oklahoma was the proper person to prosecute the action? Since the State Bank Commissioner was before the trial court, asking to proceed in the name of the state

of Oklahoma against the defendants to obtain the same relief as that sought by the Governor in the name of the state for the same purposes, the trial court should have disregarded the form of pleading submitted by him and ordered a substitution of his name for that of the Governor and should have permitted the action to proceed in the name of the state as though originally instituted by the State Bank Commissioner.

In arriving at the conclusion above stated, we have attached due importance to the various statutory and constitutional provisions applicable to the situation, and have correlated them in accordance with their relation to the questions presented.

It is important that we recognize the precise nature of the principal question involved and differentiate it from other questions with which it may be confused.

The precise question involved is, What officer or officers have the power to involve the state of Oklahoma in this litigation as a party plaintiff, and not whether the state of Oklahoma is a proper party plaintiff. To put the question in other language, it is: When an action is commenced or attempted to be commenced by the state of Oklahoma, as plaintiff, to protect the interests of the depositors and creditors of an insolvent state bank, what officer is the proper relator?

As we understand the briefs herein filed, neither of the parties question that the state of Oklahoma is the proper party plaintiff. The provision of our statute is plain in that respect. Section 9173, O. S. 1931, provides in part:

"The Bank Commissioner shall have power and authority to institute and prosecute all suits necessary for the liquidation of the assets of the insolvent corporations taken over by him and such suits shall be brought in the name of the state of Oklahoma, on the relation of the Bank Commissioner."

Since the state is the proper party plaintiff by virtue of the above statute, it may maintain the action regardless of whether it is the real party in interest or merely a nominal plaintiff for the use and benefit of depositors and creditors. An action may be maintained by one expressly authorized by statute even though that person is not in fact the real party in interest. Section 144, O. S. 1931.

By reason of the statutory provision authorizing the state to institute this action

(section 9173, O. S. 1931), those decisions, some of which are cited in the briefs, dealing with the power of the state to institute an action in the absence of express statutory authority are inapplicable to the case at bar.

The protection of depositors of insolvent state banks is a distinct economic policy of the state. State ex rel. Short, Atty. Gen., v. Johnson et al., 90 Okla. 21, 215 P. 945. This policy was promulgated by constitutional provision (section 1, art. 14, Okla. State Const.), as vitalized by legislative enactments (arts. 4 and 6 of chap. 40, O. S. 1931). In so far as the object of this action is to further the established economic policy of the state, the state may be said to have a real interest created by its governmental policy, as distinguished from a mere nominal interest, even though the pecuniary benefits of the litigation, if ultimately successful, go to the depositors and creditors of the insolvent bank.

The statute (section 9173, supra) which authorizes the state to be a party plaintiff names the Bank Commissioner as the proper officer to institute legal actions and carry out this economic policy. The intention of the Legislature that the Bank Commissioner should be charged with this duty and vested with the necessary power to preserve the assets of insolvent state banks is further manifested by that part of section 9174, O. S. 1931, which provides:

"Upon taking possession of the property and business of such bank the Commissioner is authorized to collect money due it and do such other acts as are necessary to conserve its assets and business. * * *"

The next question that arises is whether the power thus conferred on the Bank Commissioner is exclusive, or may the Governor, as Chief Executive of the state, exercise the same power, even though no statutory provision authorizes him to do so?

It is the general rule of law that when the legislative branch of the government has declared that certain classes of cases shall be prosecuted in the name of the state by designated persons or officers, such cases must be maintained by the person or officer designated, and cannot be maintained by any other person or officer. Commonwealth v. Helm, 163 Ky. 69, 173 S. W. 389; 59 C. J. 322. The necessity of orderly and harmonious government demands that the rule be observed. It must govern in the case at bar unless the Constitution itself confers the power on the Governor which he is undertaking to exercise in this case.

The nature of the powers vested by law in the Bank Commissioner have been many times considered by this court and their exclusive character recognized. Miracle v. Dixon, 121 Okla. 180, 249 P. 153; State ex rel. Freeling v. Quigley, 93 Okla. 296, 220 P. 918; Robinson v. First National Bank, 107 Okla. 160, 231 P. 502; Kimbriel v. State ex rel., 106 Okla. 177, 233 P. 420; City of Ada v. Spencer, 121 Okla. 217, 248 P. 1005.

Language appearing in many of the above cases is broad enough to include any idea of power on the part of the Governor to institute in the name of the state an action in the interest of an insolvent bank or its creditors. However, those cases must be viewed in the light of the facts presented therein. None of them presented a problem parallel to the one presented in the case at bar. In this case it is asserted by counsel for the Governor that the power of the Chief Executive to act arises from the state Constitution and, in particular, section 2 of art. 6, which provides:

"The supreme executive power shall be vested in a chief magistrate, who shall be styled 'The Governor of the State of Oklahoma;'"

—and section 8 of art. 6, which reads:

"The Governor shall cause the laws of the state to be faithfully executed, and shall conduct in person or in such manner as may be prescribed by law, all intercourse and business of the state with other states and with the United States, and he shall be a conservator of the peace throughout the state."

In connection with these constitutional provisions and their application to the case at bar, it is important to bear in mind that in the absence of legislative enactment conferring the power, neither the Bank Commissioner nor the Governor could commence or maintain an action in the name of the state for the benefit of the depositors and creditors of insolvent banks. While section 1 of art. 14, Oklahoma state Constitution, contemplated the appointment of a Bank Commissioner and the protection of depositors, it was not self-executing and required legislative vitalization. Bynum v. Strain, 95 Okla. 45, 218 P. 883. The Legislature was, by the constitutional provision last above mentioned, charged with the duty of enacting appropriate laws for the protection of depositors. By the same constitutional provision it was vested with a large measure of discretion in determining the means and method by which the constitutional mandate should be vitalized. In the exercise of that discretion provision was made for the insti-

tution of actions in the name of the **state of Oklahoma by the Bank Commissioner.** The provisions of our state Constitution (sections 2 and 8 of art. 6), supra, by which the supreme executive power is vested in the Governor, who is charged with the duty of causing all laws to be faithfully executed, contemplate observation by the Chief Executive of all laws. They do not authorize the Governor to single out some particular part or portion of a statute and proceed to adopt a line of action entirely inconsistent with some other equally valid part or portion of the same law. See Russell Petroleum Co. v. Walker, 162 Okla. 216, 19 P. (2d) 582; Sterling, Gov., v. Constantin, 287 U. S. 378, 53 S. Ct. 190.

The provision of the statute, section 9193, supra, providing that the Bank Commissioner shall be the relator is of equal dignity and validity with that portion thereof which authorizes an action in the name of the state. Both commend themselves to the notice of the Chief Executive and one may not be considered to the exclusion of the other. The provisions of the Constitution, sections 2 and 8 of art. 6, supra, may, of course, in a proper case be a source of power which authorizes the Chief Executive to institute an action in the name of the state. State ex rel. Haskell, Governor, v. Huston, 21 Okla. 782, 97 P. 982. But such a proper case is not presented where the right of the state to be a party plaintiff in the action depends upon a particular statute which provides that the relator shall be an officer other than the Governor. At least, unless the relator designated by statute refuses to act. It follows that the Bank Commissioner and not the Governor is the proper person to be relator in this case.

We are not unmindful in arriving at this conclusion that the State Bank Commissioner is a subordinate executive official, appointed by the Governor and responsible in a large measure to the Chief Executive for his acts. Bynum v. Strain, supra. Our decision does not in any way detract from the power of the Governor to exercise a supervisory control over the officers of the Banking Department, provided that control is exercised in a manner authorized by law. It is proper at this point to observe that an entirely different question would be presented if the Bank Commissioner on request of the Governor should fail or refuse to act. Such a case might present a proper occasion for the Governor to institute an action in order that the economic policy of the state be carried out and faith be kept with the depositors and creditors of an in-

solvent bank. See State ex rel Hartley v. Clausen (Wash.) 264 P. 403. The petition in the case at bar does not plead the existence of such a situation. On the contrary, the Bank Commissioner indicated his willingness to institute an action by filing in the trial court what was termed a "petition in intervention," in which he sought to carry the action on in the name of the state.

What, then, should have been the order of the trial court? The depositors and creditors who joined with the state of Oklahoma ex rel. the Bank Commissioner in the so-called intervention petition were properly denied the right to participate in the litigation as parties thereto, and were properly eliminated from the case. Miracle v. Dixon, 121 Okla. 180, 249 P. 153. With respect to the Bank Commissioner, an entirely different question is presented. As we have already seen, he was the proper person to be the relator. The question immediately presents itself, Should a substitution of relators have been ordered? The answer is found in the previous decisions of this court. In the case of Reeves v. Noble, 88 Okla. 179, 212 P. 995, a similar situation was involved. The liquidating agent of a failed state bank (who had no authority to commence or maintain the action) prosecuted the suit to final judgment. In this court, on appeal, the judgment was affirmed, and simultaneously we substituted the state of Oklahoma ex rel. the Bank Commissioner as party plaintiff. In the body of the opinion, this court said:

"We are not unaware that ordinarily a change or substitution of party plaintiff is made on motion, but in a case such as the one now under consideration, where it is apparent that the so-called liquidating agent sues in his own name, and the record discloses that his only purpose and object is to do that which the law imposes upon the Bank Commissioner of the state, under sections 303 and 304 of Rev. Laws 1910, and that the proceeds arising from whatever judgment might be obtained will be disposed of under the direction of the Bank Commissioner or the Banking Board, and the cause of action pleaded by the plaintiff shows only as a matter of law, a right of action in the name of the state on the relation of the Bank Commissioner, under said sections 303 and 304, Rev. Laws Okla. 1910, and since the cause has been tried on its merits and a retrial would only work unnecessary delay and trouble upon the parties, the judgment will not be reversed, but the petition will be treated as amended here. Bailey v. Lankford, 54 Okla. 692, 154 P. 672; Dolezal, County Clerk, et al. v.

Bostick, County Atty., 41 Okla. 743, 139 P. 964.''

In the case of M., K. & T. Ry. Co. v. Lenahan, 39 Okla. 283, 135 P. 383, the propriety of substituting as party plaintiff a person who in a representative capacity could properly maintain the action, after such action had been improperly commenced by one who could not maintain it, was discussed. While substitution was denied in that case because a disputed question of fact was involved, the propriety of substitution was discussed and approved by judicial dictum. It was said in the body of the opinion:

"There are a number of well-considered cases which permit the right of substitution in the trial court of the party having the legal right to sue on the claim for which the action has been brought. * * *

"Were no question presented to us save the naked legal proposition of the right to substitute or make new parties pending an appeal, and the facts connected therewith were admitted, we would be greatly disposed to grant the motion."

Similarly, the substitution of the heirs of a decedent in lieu of administrator, where such administrator had no right to commence or maintain the action, has received the approval of this court. Farrell v. Puthoff, 13 Okla. 159, 74 P. 96.

Upon the authority of the foregoing cases, we hold that. W. J. Barnett, Bank Commissioner, should be substituted as relator in lieu of William H. Murray.

It was the legislative intent that litigation of this character should be instituted and conducted under the direct supervision of the Bank Commissioner through the staff of legal assistants provided by law for that purpose, and not by the Governor, nor through independent action.

It is not important that the pleading filed on behalf of the State Bank Commissioner herein was styled a petition in intervention rather than a motion to substitute, since courts may look beyond the form to the substance of a pleading. Neither is it necessary, under the view we adopt, to consider or discuss the particular refinements of the rules relating to intervention of parties.

The cause is remanded to the trial court, with directions to set aside the order of dismissal in so far as the state of Oklahoma is concerned, and to permit by amendment, upon proper application, a substitution of the Bank Commissioner as relator. The other interveners, Wm. P. Hye, Lafe Spear, and McAllister & Spear have no right to be made parties to this litigation, and their petition of intervention should be stricken. The cause is therefore remanded to the trial court, with directions to proceed in this case in a manner not inconsistent with this opinion.

RILEY, C. J., CULLISON, V. C. J., and McNEILL, OSBORN, and BAYLESS, JJ., concur. SWINDALL and ANDREWS, JJ., absent. WELCH, J., dissents.