STATE of Oklahoma ex rel. Carl B. SEBRING, State Bank Commissioner, Plaintiff in Error,

v.

Dick BELL, Defendant in Error.

No. 40033.

Supreme Court of Oklahoma.

March 12, 1963.

Rehearing Denied June 11, 1963.

Mac Q. Williamson, Atty. Gen., Spurr & Steed, Shawnee, for plaintiff in error.

Frank Seay, Seminole, for defendant in error.

PER CURIAM.

This action was begun in the Superior Court of Seminole County, Oklahoma, by defendant in error, Dick Bell, hereinafter referred to as plaintiff. The defendants were the directors and cashier of the defunct Bank of Earlsboro. The petition sought recovery from the defendants for deposit of plaintiff in the sum of $28,353.20 lost through the alleged misconduct of defendants as hereinafter set out. After the filing of such action, the State of Oklahoma on relation of Carl B. Sebring, State Bank Commissioner, filed the following motion setting forth that:

"Comes now the State of Oklahoma ex rel Carl B. Sebring, * * *, and respectfully represents to the court as follows:

"1. That the Bank of Earlsboro, Earlsboro, Oklahoma, a banking corporation authorized to do a general banking business under the laws of the State of Oklahoma, was found to be insolvent by order of the Bank Commissioner on the 12th day of August, 1961, and that said bank voluntarily placed its affairs and assets under the control of the Bank Commissioner by proper action of its Board of Directors. That on said date the Bank Commissioner took possession of the affairs,

assets and property of said insolvent bank for the purpose of winding up its affairs, liquidating its assets, enforcing the personal liability of the stockholders, officers and directors, and paying the depositors and creditors thereof, all as provided by law. That the assets and property of said insolvent bank have been in the continuous possession of the Bank Commissioner since said date for the purpose of liquidation. That the depositors and creditors of said insolvent bank have not been paid in full, and therefore under the laws of the State of Oklahoma, the title to the remaining assets and property of said insolvent bank is vested in the State of Oklahoma on the relation of the Bank Commissioner for the benefit of the depositors and creditors of said insolvent bank.

"2. * * * that on August 12, 1961, the said Bank Commissioner, pursuant to Section 183, Title 6, Okl.St.Anno., appointed the Federal Deposit Insurance Corporation, a corporation organized and existing under an Act of Congress, being Sections 1812–1831, Title 12 U.S.C.A., as liquidating agent of the Bank Commissioner for said Bank of Earlsboro, Earlsboro, Oklahoma, and that said Federal Deposit Insurance Corporation accepted this appointment and has ever since and is now acting in such capacity. * * *

"3. * * * that the facts as alleged in the petition of the plaintiff Dick Bell * * * do not state a cause of action against said defendants and in favor of said plaintiff which is peculiar and personal to said plaintiff only, but instead the acts of negligence and maladministration of such defendants as alleged in said petition are such acts as affected the financial condition of said bank as a whole, and hence affected all creditors and depositors thereof generally and equally. That the liability of the said defendants named herein, if any, under the allega-

tions of plaintiff's petition constitutes 'indivisible assets or right of action' of said bank in liquidation and therefore the action filed by the said Dick Bell is an action which the State of Oklahoma on relation of the State Bank Commissioner has the sole and exclusive right and authority to maintain for the benefit of all creditors and depositors of said insolvent bank.

"4. * * * that the assets and property of said insolvent bank now in the process of liquidation by said Bank Commissioner will not be sufficient to pay the depositors and creditors thereof in full, and it further appears that the defendants V. V. Heister, E. D. Keys and Bertha B. Casteel do not have sufficient personal assets to satisfy in full the losses which will be sustained by all the depositors and creditors of said bank. That, therefore, any judgment that may be obtained against said defendants by virtue of the acts and omissions as alleged in plaintiff's petition and any satisfaction thereof from the personal assets of said defendants should be recovered, collected and received by the said Bank Commissioner for the benefit of all depositors and creditors of said insolvent bank. That the State of Oklahoma ex rel Carl B. Sebring, State Bank Commissioner, in a representative capacity for the benefit of all creditors and depositors of said insolvent bank, should be substituted party plaintiff herein in the place and stead of Dick Bell, who is suing for and on his own individual behalf. That otherwise many of the creditors and depositors of said bank may institute similar actions which will result in a multiplicity of actions and confusion of issues, and which will permit an unlawful preference of the depositor or creditor first obtaining judgment over the other depositors and creditors of said insolvent bank.

"WHEREFORE, the State of Oklahoma ex rel Carl B. Sebring, State

Bank Commissioner, prays the court to fix a time for hearing this motion, and upon said hearing to enter its order in this action substituting the State of Oklahoma ex rel Carl B. Sebring, State Bank Commissioner, in a representative capacity for all the depositors and creditors of the Bank of Earlsboro, Earlsboro, Oklahoma, in liquidation, as plaintiff in the place and stead of said Dick Bell, and for such other and further relief as may be just and proper."

This motion was denied by the trial court, and this appeal by Carl B. Sebring, State Bank Commissioner, hereafter referred to as intervenor, followed.

The specific propositions advanced by the intervenor are as follows: First, that "The plaintiff in error in a representative capacity for the benefit of all the depositors and creditors of an insolvent State Bank is vested with the exclusive right to maintain an action and enforce the tort liability of the officers and directors of said bank based on their acts and omissions in the management and operation of said bank resulting in a loss to all depositors and creditors," and, second, "The plaintiff in error in a representative capacity for the benefit of all the depositors and creditors of an insolvent State Bank is entitled to be substituted as party plaintiff upon motion in an action filed by an individual depositor against the directors and officers of said bank based on their acts and omissions in the management and operation of said bank resulting in a loss to all depositors and creditors."

In resolving these contentions, it is essential that the specific grounds urged for the relief sought by plaintiff be considered. The petition reads in part as follows:

" * * * At all times complained of herein, each of said defendants were stockholders and officers of the Bank of Earlsboro, * * *. The defendants Heister and Keys, were each members of the Board of Directors of said bank and the defendant Casteel, was the * * * cashier of said bank, having been elected from among the stockholders by the Board of Directors. The Defendants * * * held their respective positions as officers of said bank during all times complained of herein.

"For the past seven years L. F. Casteel, now deceased, husband of the defendant Bertha B. Casteel, was a member of the Board of Directors and the President of said bank and its active manager. During said period, *L. F. Casteel had been engaged in a scheme of mismanagement, conversion and dissipation of the assets of the bank and assets of its depositors which included the receiving of monies for deposits and the failure to enter such deposits upon the ledgers of the bank and numerous other acts of mismanagement and misappropriation whereby said bank became insolvent and remained insolvent until the 12th day of August, 1961, at which time its insolvent condition was discovered by the State Bank Commissioner and said bank was closed by said official.* During said period of time said defendant, *Bertha B. Casteel, as Cashier of said bank,* had the custody, control and management of all of the books of said bank and as such official custodian of said bank *she actively engaged in and participated in the mismanagement of the affairs of said bank along with her husband, L. F. Casteel, the President of said bank.*

"*It was the duty of the defendants,* and each of them as officers and directors of said bank, at any time that they had knowledge or discovered or ascertained in any way the plaintiff's deposits or account was being or had been mismanaged, converted and dissipated, *to have immediately revealed to plaintiff the impaired condition of the bank,* and plaintiff alleges that the defendant Bertha B. Casteel, had actual and specific knowledge thereof, from the time said mismanagement originally started, but failed, refused and neglect-

ed to inform plaintiff thereof, but did on the contrary *conceal the same from him*. Plaintiff further alleges that the defendants, Heister and Keys, failed to attend the meetings of the Board of Directors held while they were such directors and failed to keep themselves informed as to the manner in which the bank affairs were being conducted and that the proper and vigilant performance by said defendants of their duties as officers and directors in said bank would have resulted in specific knowledge by them of their wrongful acts of mismanagement and misappropriation complained of and would have prevented the loss sustained by plaintiff.

"That at the time said bank was closed the plaintiff had on deposit in a savings account the sum of $28,353.20, which said funds had been dissipated. Thus plaintiff's loss by reason of the mismanagement of the defendants as above set forth was in the amount of $28,353.20.

"WHEREFORE, premises considered, plaintiff prays judgment in the amount of $28,353.20, and for his costs." (Emphasis ours.)

It will be observed that the grounds alleged for recovery are confined to the italicized portion of the foregoing petition of the plaintiff.

The question for determination is whether the specific defalcations alleged are of a nature for which the individual depositor may recover, or are they of a character that the State Bank Commissioner has a prior right to recover.

Two opinions of this court are relied upon by the plaintiff for authority to maintain his action. The first of these is Crews v. Garber, 188 Okl. 570, 111 P.2d 1080. We are of the opinion that such case has no application to the case at bar for the reason given in the body of the opinion wherein we said:

"But it is contended by Garber that the action cannot be maintained by the owner of the deposit, but only by the bank or its receiver. We do not believe the authorities relied on by Garber support this contention. Here we have to do with an escrow account. The title to the money and securities held in the account remained in the owners of the account—the plaintiffs here. It did not vest in the bank. The bank was merely the bailee. 7 Am.Jur. pp. 292, 297, 298. It follows that when the money and securities were embezzled, the property of the plaintiffs, not that of the bank, was embezzled. In such a case the action for conversion of the securities should be brought in the name of the plaintiff, the real party in interest, the one entitled to the proceeds of the judgment. See section 142, O.S.1931, 12 Okl.St.Ann. § 221; Johnson v. Harris, 187 Okl. 239, 102 P.2d 940."

The funds involved in the present case were not funds in escrow, as was the fact in the Garber case, supra, but the title thereto was in the bank rather than the depositor. The distinction is a clear and vital one. See the case of Bank of Blackwell v. Dean, 9 Okl. 626, 60 P. 226, in which the syllabus by the court reads:

"Deposits of money in a bank are either general or special. A general deposit is one which is to be repaid on demand in money, and the title to the money deposited passes to the bank. A special deposit is one in which the depositor is entitled to the return of the identical thing deposited, and the title remains in the depositor.

"Deposits of money made in a bank in the ordinary course of business are presumed to be general, and the burden of proof is on the depositor to overcome such presumption by showing that the deposit was made under such stipulations or directions as to constitute it a special deposit.

"Unless there are stipulations to the contrary, deposits of money made in a bank become part of its general funds, and create the relation of debtor and

creditor between the depositor and the bank.

"A general depositor is merely a general creditor of the bank, and is not entitled to any priority of payment over other general creditors in case of an assignment for the benefit of creditors or of bankruptcy."

This was cited with approval in Shull, State Bank Com'r. et al. v. Town of Avant, 159 Okl. 271, 15 P.2d 49.

The second authority quoted and relied on by the plaintiff is the case of Paris v. Beckner, 143 Okl. 238, 289 P. 276, wherein the ground for recovery was:

"That said bank was insolvent at all times and dates since January 1st, 1922, which fact of insolvency the defendants and each of them knew. That said bank was insolvent for the reason that the actual cash market value of its assets was insufficient to pay its liabilities. During the times hereinafter mentioned, said bank was unable to meet its creditors in the usual and customary way. That during said times and dates hereinafter mentioned, the said bank did not keep its reserve as required by the Banking Laws of the State of Oklahoma. That during said insolvency and at the time when said bank was insolvent, the said directors above named and each of them permitted deposits to be made in violation of law, and openly solicited deposits to be made, well knowing that said bank was insolvent, which fact of insolvency was unknown to plaintiff."

It is obvious that all of the depositors in the bank would not necessarily fall in this classification, thus the action by the Commissioner might not be for the benefit of all the creditors of the bank. The language of the court in this case bears no other analysis than if the alleged violations affect the bank generally then the Bank Commissioner is the party having the prior right to bring the action. This last situation is the one before us.

We turn now to the statutes for the answer to our question. Title 6 O.S.1961 § 162i. reads as follows:

"The Bank Commissioner shall take possession of the books, records and assets of every description of such bank or trust company, collect debts, dues and claims belonging to it, and upon order of the District Court, or Judge thereof, may sell or compound all bad or doubtful debts, and on like order may sell all the real or personal property of such bank or trust company upon such terms as the Court or Judge thereof may direct, and may, if necessary, pay the debts of such bank or trust company, and enforce the liabilities of the stockholders, officers and directors; provided, however, that bad or doubtful debts, as used in this Section, shall not include the liability of stockholders, officers and directors."

This section is identical with Section 4167, C.O.S.1921. We are therefore not without a construction thereof. In the case of Miracle v. Dixon, 121 Okl. 180, 249 P. 153, this court construed such section. In the body of the opinion, after specifically mentioning Section 4167, supra, and other sections, the court said:

"The above-quoted sections of the statute form the basis upon which defendants in error predicate their claim that the power, jurisdiction, and authority of the state bank commissioner and the state banking board over the affairs of failed banks is sole, exclusive, and supreme, and a careful examination of the authorities leads us to the conclusion that such claim is well-founded."

Based upon this portion of the opinion, the court said in part in the first paragraph of the syllabus:

" * * * the state banking board and state bank commissioner have sole and exclusive jurisdiction over the assets and affairs of insolvent banks * * *."

In construing this same section of the statute in the case of Huffman v. Bank Commissioner of State of Oklahoma, 110 Okl. 295, 237 P. 603, this Court said in a portion of the first paragraph of the syllabus:

"* * * The bank commissioner, or some person under his control and direction, was vested with the *exclusive jurisdiction* to take possession of such banks and wind up their affairs and *enforce the personal liability of the stockholders, officers, and directors.*" (Emphasis ours.)

We see no reason to enlarge the exceptions beyond those already created by this court. The effect of holding as contended for by the plaintiff would establish unwarranted preference in favor of the individual depositor. This was aptly pointed out in City of Ada v. Spencer, 121 Okl. 217, 248 P. 1005, wherein the court said in the body of the opinion:

"In the instant case the bank commissioner had taken action against E. L. Spencer, as a stockholder of said failed bank, and had brought suit in the district court against said E. L. Spencer, and with the approval of said court had compromised the claim of said bank against Spencer for $5,000, which sum went to the benefit of all the depositors. To allow an *individual depositor to sue* and recover against a stockholder for a loss of a deposit would permit a preference of one depositor over another; and indeed it would present an unsatisfactory and unthinkable condition to permit a wild scramble among the depositors to proceed singly in lawsuits to recover from the creditors of an insolvent bank, by reason of losses sustained by the depositors; therefore the Legislature has, by statute, named the bank commissioner as a proper official to take charge of all the assets of a bank, including all choses in action, of whatever kind and nature, for the benefit of all of the depositors, and in the instant case the bank commissioner took charge of and collected from the defendant, Spencer, $5,000 on his liability as a stockholder in the failed bank, and this amount was converted into the general fund for the benefit of all of the depositors."

The judgment of the trial court is reversed with directions to the trial court to grant the application of the State Bank Commissioner to be substituted as plaintiff for the defendant in error.

BLACKBIRD, C. J., HALLEY, V. C. J., and JOHNSON, WILLIAMS, JACKSON, IRWIN and BERRY, JJ., concur.

Rehearing Denied June 11, 1963.